EINAR E. T. THORNLIMB, JR. *vs.* D. F. FARRELL & SONS, INC.

JANUARY 11, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

158

ANDREWS, J. This is an employee's petition to review a preliminary agreement for compensation under general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297.

The petitioner received an injury to his back on June 9, 1954. He was out of work off and on from then until July 13, 1954 when he left respondent's employ. After a hearing on the petition, the single commissioner found that petitioner had failed to prove that for any week subsequent to October 5, 1954 and prior to January 20, 1955 his wages had fallen below his average weekly wage by reason of the injury. The decree ordered payment of compensation up to October 5, 1954. Since there was some doubt as to the week following January 20, 1955, the commissioner left it open to petitioner to claim in some later proceeding compensation for disability subsequent to that date. There was a provision to this effect in the decree.

Thereupon petitioner appealed to the full commission, which affirmed the decree of the single commissioner, and petitioner has claimed an appeal therefrom to this court.

The petitioner filed eight reasons of appeal, all of which are general and none of them is mentioned expressly in his brief wherein he stated the issue as follows: "Is an employee barred from receiving benefits for partial compensation because the light work he is doing pays him for some weeks a wage equal to or in excess of that which he received while injured?" The answer thereto is of course in the negative. However, there was evidence here on which the commission found that there was no week in the period in question when petitioner's wage fell below the wage he was receiving when injured.

The petitioner seems to be under the impression that, because he worked in spite of the pain in his back, he was incapacitated although his wages during such period equaled or exceeded his average weekly wage. Such a contention has been rejected in many cases beginning with *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309. It has been the consistent position of this court that regular compensation is paid only for incapacity resulting in loss of earnings.

The only week covered by the decree in which there was any question whether the petitioner earned less than his average weekly wage is a week as to which there is a conflict in his testimony. Clearly the commission was entitled to find on such testimony that he had not sustained the burden of proof as to that week.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John Quattrocchi, Jr.*, for petitioner.

*William A. Gunning*, for respondent.