IMPERIAL KNIFE CO., INC. *vs.* MADELINE GONSALVES.

JULY 9, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J.   This is an employer's petition brought under the workmen's compensation act, general laws 1938, chapter 300, as amended, to review a preliminary agreement providing compensation for total incapacity.   The case is before us on the respondent employee's appeal from the decree of the workmen's compensation commission affirming the decree of the trial commissioner granting the employer's petition and ordering payment of compensation for partial incapacity.

The preliminary agreement stated that on September 7, 1955, while working for petitioner as a power press operator, the employee caught the fingers of her right hand in the power press, resulting in traumatic amputation of the second, third and fourth fingers and a compound fracture of the distal phalanx of the fifth finger.   The agreement

provided for payment of compensation for the duration of total incapacity at the rate of $32 per week based on an average weekly wage of $53.42.

On August 20, 1956 the employer filed the instant petition to review the facts relating to the incapacity of the employee and alleged therein, among other things, that her incapacity had ended or in the alternative had been substantially reduced. The petitioner therein prayed for the entry of a decree discontinuing or diminishing the compensation payments provided for in the preliminary agreement.

At the hearing before the trial commissioner on October 8, 1956 respondent testified that she was thirty years old, married, and had two children of school age; that she was right handed; and that she had worked as a power press operator for petitioner for a year before her injury. She further testified that because of the injury she was totally disabled and could do no work of any kind; that she had not tried to get work; that as a result of her injury she could not do what she used to do; that she was very high strung; and that any little thing would upset her.

The petitioner's evidence consisted of the medical reports of the two doctors who had treated her. The report of Dr. J. Robert Bowen, dated February 3, 1956, stated that "it was felt that she could return to light work if this was available around the second or third week of January. * * * It was also felt that she should not return to heavy work and certainly not to work on the large foot press or a machine of its type at which she was injured." The evidence shows that the employee last visited Dr. Bowen in February 1956, after which she was treated by her family physician, Dr. E. Arthur Catullo, who took care of her until July 13, 1956. His report, which is dated July 23, 1956, concludes by stating: "She should now be able to do work which does not involve any machinery or press work or firm gripping with her right hand." The record fails to disclose any offer by the employer to respondent of suitable

work which she was able to perform, nor does the record show any evidence by it that such suitable work was available elsewhere.

The decree entered by the trial commissioner on October 23, 1956 and affirmed by the full commission found that respondent was no longer totally incapacitated and that she remained partially incapacitated. It ordered that the payments of compensation for total disability cease forthwith and that "the petitioner shall pay to the respondent weekly compensation for partial disability equal to 60% of the difference between $53.42 and the weekly wages, earnings or salary which the respondent earns hereafter, but not more than $22.00 per week * * *."

In her reasons of appeal respondent claims in substance that there is no evidence to sustain the findings of fact made by the commission; that the decree is against the law, the evidence and the weight thereof; and, finally, that the full commission has misconceived the evidence and the law. Under such reasons the respondent contends that the burden of proving that total incapacity has diminished or ended is on the employer as the moving party and that it has failed to sustain such burden because there is no evidence to support the findings of fact in issue. The respondent further contends that the employer has failed to sustain its burden of proving that the employee does not come within the rule of the "odd lot" doctrine, and that the decree is erroneous because, since the instant petition was heard on October 8, 1956, it is governed by art. II, sec. 11, as amended by public laws 1956, chap. 3784. This amendment became law on May 3, 1956, amending P. L. 1954, chap. 3297, which had amended G. L. 1938, chap. 300, in its entirety.

The petitioner, however, contends that the medical reports, as well as reasonable inferences which could be drawn from respondent's testimony, are legal evidence to support the findings of fact made by the trial commissioner and affirmed by the full commission. It further contends that

the "odd lot" doctrine does not apply and that P. L. 1956, chap. 3784, has no bearing on this case, since the amendment is clearly substantive in nature and therefore does not apply to injuries which occurred prior to its adoption.

The first question to be determined is whether there was legal evidence to support the findings of fact contained in the decree. After a careful consideration of the record we are of the opinion that there was legal evidence, direct and by reasonable inference, to support the findings that respondent was no longer totally incapacitated but was thereafter only partially incapacitated, and that the workmen's compensation commission did not misconceive the evidence. In accordance with the provisions of P. L. 1954, chap. 3297, art. III, sec. 4, such findings are conclusive in the absence of fraud.

However, the question remains whether the workmen's compensation commission applied the correct law to such findings of fact relative to the amount of compensation to which the employee was entitled. The pertinent provisions of art. II, sec. 11, as amended by the second proviso of P. L. 1956, chap. 3784, are as follows: *"provided, further, however,* that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity."

As we have already stated, respondent vigorously urges that she is entitled to the benefits of chap. 3784, *supra,* since her change of status from total incapacity to partial incapacity was not legally established until the hearing before the trial commissioner on October 8, 1956, several months after the adoption of chap. 3784. She further contends that when it was determined her status had so changed,

she should have been given a reasonable opportunity to look for light work; that the petition should have been continued for this purpose; and that, in the meantime, she was entitled to receive weekly compensation for total incapacity.

The petitioner on the other hand contends that since chap. 3784 in effect changes the amount of compensation payable to a partially incapacitated employee, it is substantive in nature and that substantive rights of parties to a preliminary agreement are governed by the law in effect at the time of the injury. In support of this contention the petitioner relies on the cases of *Vick* v. *Aubin,* 73 R. I. 508, and *Gomes* v. *Orr & Son,* 78 R. I. 96. In *Berditch* v. *James Hill Mfg. Co.,* 85 R. I. 69, 125 A.2d 204, we observed that those cases "concerned the meaning of the substantive law providing for compensation or fixing the amount thereof, and naturally they were governed by the statute as it existed at the time of the injury." In the instant case the question to be determined is one of legislative intent.

In enacting chap. 3784 the general assembly did not by express language increase or diminish the amount of compensation payable to a partially incapacitated employee. From the language of the amendment we are of the opinion that the legislature intended, in a realistic and practical fashion, to benefit a certain class of injured employees by treating them as totally incapacitated under certain conditions expressly stated in the last proviso of art. II, sec. 11, as amended by chap. 3784. Viewed in this light, it is our opinion that the provisions appearing in the last proviso of said sec. 11 were intended to be procedural and to apply to all such cases which at the time of the passage of the amendment in question were not decided and would thereafter have to come before the workmen's compensation commission; and, further, that such provisions apply to

proceedings in which the injury occurred prior to the effective date of the amendment in question.

We are therefore of the opinion that the commission erred in not applying chap. 3784 in the instant case. In *Atlas Tool & Findings Co.* v. *Duffy,* 81 R. I. 61, 65, we held: "While the employee remained totally incapacitated she was under no legal duty to attempt to obtain work." The same rule applies in the case at bar. After it had been determined that respondent was able to do light work and therefore was found to be only partially incapacitated she was, in our opinion, entitled to the benefits of the second proviso of chap. 3784. That proviso, by necessary implication, imposes the burden on the employer, as the moving party, to prove an offer to the employee of suitable work which she is able to perform or to present evidence that such suitable work is available elsewhere. There being no such evidence in the instant record, it is our opinion that in the interest of justice and in compliance with the intent of the above-mentioned proviso, the commission should have granted the respondent a reasonable opportunity to make a bona fide attempt to obtain suitable work which she was able to perform in accordance with her physical condition; that it should have continued the case for this purpose; and that in the meantime she was entitled to continue to receive compensation for total incapacity.

The respondent's appeal is sustained, the decree appealed from is modified as above set forth, otherwise it is affirmed, and the cause is remanded to the workmen's compensation commission for the entry of a new decree in accordance with this opinion.

*Boss, Conlan, Keenan, Bulman & Rice,* for petitioner.

*John Quattrocchi, Jr.,* for respondent.