BERRY HILL CORPORATION *et al. vs.* CHARLES FLYNN.

JULY 26, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an employer's petition to review a preliminary agreement under the workmen's compensation act, general laws 1938, chapter 300, as amended by public laws 1954, chap. 3297. The case is before us on the employee's appeal from the decree of the workmen's compensation commission affirming the decree of a single commissioner granting the employer's petition.

The record discloses the following undisputed facts. On August 18, 1955 the employee sustained a compensable injury. A preliminary agreement was entered into on October 31, 1955 between the employer, the employee and the employer's insurance carrier. The provisions of the preliminary agreement material and pertinent to the issues herein are as follows: "1. That Compensation shall be paid at the rate of $32.00 per week based on an average weekly wage of $60.00. This compensation shall be payable to Charles Flynn commencing August 18, 1955 for duration of total incapacity or until otherwise terminated in accordance with the provisions of the 'Workmen's Compensation Act' of the State of Rhode Island. 2. That, in the event of partial incapacity following total incapacity, a supplementary agreement shall be made in accordance with the provisions of the 'Workmen's Compensation Act' of the State of Rhode Island."

In compliance with the terms of such preliminary agreement, payments of $32 per week were made to the employee until June 6, 1956, when, after a hearing upon employer's petition to review the preliminary agreement, a final decree

was entered by the trial commissioner. This decree contained findings of fact that the employee was no longer totally disabled, but only partially disabled; that the employer had not offered suitable work to the employee; and that the employee had been unable to find such suitable work through his own efforts. The record does not disclose any offer of evidence by the employer to show that suitable work was available elsewhere. In accordance with these findings of fact, the decree suspended further payments of total compensation and ordered the employer to pay maximum partial compensation at the rate of $22 per week to the employee.

The employee contended at the hearing before the trial commissioner and also before the full commission that he was entitled to compensation at the rate of $32 per week under the provisions of P. L. 1956, chap. 3784, which had become law on May 3, 1956, some thirty-five days prior to the termination of his total incapacity. However, the full commission held that chap. 3784 involved substantive law and did not take effect until May 3, 1956, and therefore could not apply retroactively to an injury occurring prior to its effective date. Accordingly a final decree was entered by the full commission on July 25, 1956 affirming the decree of the trial commissioner.

The respondent employee has filed the following reasons of appeal: "1. That the Final Decree entered by the Workmen's Compensation Commission on the 25th day of July, 1956, is against the law. 2. That the Final Decree entered by the Workmen's Compensation Commission, is against and contrary to the provisions of Rhode Island Public Laws 1956, Chapter 3784, amending Section 11, Article II of Chapter 3297 of the Public Laws of 1954."

The sole issue presented by this appeal is whether or not the commission erred in applying the law in effect on the date of the injury with respect to the amount of weekly compensation payable to the employee after the termination

of total incapacity and upon the finding of partial incapacity. In other words the issue raised is whether or not the provisions of P. L. 1956, chap. 3784, which became law on May 3, 1956, apply to the facts of the instant case.

On the date of the injury, P. L. 1954, chap. 3297, art. II, sec. 11, of the workmen's compensation act provided:

> "While the incapacity for work resulting from the injury is partial the employer shall pay the injured employee a weekly compensation equal to 60% of the difference between his average weekly wages, earnings, or salary, before the injury and the weekly wages, earnings or salary which he earns thereafter, but not more than $22.00 a week * * *."

Public laws 1956, chap. 3784, which became law on May 3, 1956, amended sec. 11 of art. II by adding the following language thereto:

> "*provided, further, however,* that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity."

The employer contends that the legislature only intended chap. 3784 to apply to employees who were injured after its enactment, and therefore that the employee in the instant case is not entitled to receive total incapacity payments under such amendment. In support of its contention it cites, among others, *Vick* v. *Aubin,* 73 R. I. 508, and *Gomes* v. *John J. Orr & Son,* 78 R. I. 96. On the other hand the employee contends that chap. 3784 applies in the special circumstances of the instant case.

[1]   In the case of *Imperial Knife Co.* v. *Gonsalves,* 86 R. I. 68, 133 A. 2d 721, we held that the provisions appearing in the last proviso of art. II, sec. 11, as amended by chap. 3784, were intended to be procedural and to apply to all such

cases which at the time of the passage of the amendment in question were not decided and would thereafter have to come before the workmen's compensation commission. In that case we also held that the provisions of chap. 3784 apply to proceedings in which the injury occurred prior to the effective date of that chapter. We are therefore of the opinion that the commission erred in not applying chap. 3784 in the instant case and, further, that the employee was entitled to receive as weekly compensation the amount payable for total incapacity.

In our judgment, chap. 3784 applies as of the date of its approval, May 3, 1956. After that date, whenever a totally disabled employee is held to be only partially incapacitated and he cannot find suitable work which he is able to perform, and his employer does not offer him such suitable work or is unable to present evidence that such work is available elsewhere, he becomes by express mandate of the statute entitled to total compensation. In the instant case such a situation arose on June 6, 1956. This was subsequent to the effective date of the act in question. Hence the employee here continued to be entitled to total compensation by virtue of the act.

That act in effect changed a rule of decision of this court. That rule previously prescribed that in a situation such as exists in the instant case the employee should receive maximum partial compensation under the act. After May 3, 1956 chap. 3784 supplanted that rule. Any such situation arising thereafter is governed by the express language of the final proviso of that chapter. *Imperial Knife Co.* v. *Gonsalves, supra.*

The employee's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the work-

men's compensation commission for entry of a new decree in accordance with this opinion.

FLYNN, C. J., did not participate in the decision.

*Higgins & McCabe, William C. Dorgan,* for petitioner.

*Leo Patrick McGowan, John P. Bourcier,* for respondent.