The Glencairn Manufacturing Company *vs.*
Alexander W. Grayko.

APRIL 3, 1958.

Present: Condon, C. J., Roberts, Andrews and Paolino, JJ.

Paolino, J. This is an employer's petition to review a supplemental preliminary agreement. It was heard by a

trial commissioner who entered a decree finding that the respondent was no longer partially incapacitated from performing his usual work and ordering a suspension of payments for partial incapacity. From a decree of the full commission affirming the decree of the trial commissioner, the respondent has appealed to this court.

In support of his appeal respondent has filed seven specific reasons of appeal. However, in his brief he has in effect reduced these to two issues: First, whether the finding of the trial commissioner "That the petitioner has proven by a fair preponderance of the testimony that the respondent no longer remains incapacitated from performing his usual work due to the ruptured intervertebral disc or its effects" is supported by legal evidence; and secondly, whether the trial commissioner applied the correct rule of law with respect to the burden of proof in a petition to review.

It appears from the record that on February 11, 1949 respondent, while employed by petitioner as a dresser tender, sustained a ruptured intervertebral disc; that four months after being operated on therefor, respondent returned to his job with petitioner as a dresser tender and has continued in such job from April 1951 up to the time of the hearing before the trial commissioner.

On April 23, 1956 a supplemental preliminary agreement concerning wages was executed. That agreement, which is the one involved in the instant appeal, provided for the payment of compensation for partial incapacity for work at the rate of $8.16 per week commencing on March 26, 1956. According to the terms of the agreement this sum was based on his average weekly wage of $69.60 at the time of the injury and $56 at the time said agreement was executed. It is undisputed that his average weekly wage of $69.60 was based on his earnings for a four-week period from the week ending January 14, 1949 to the week ending

February 4, 1949, and that the total hours worked by respondent during said period averaged 52 hours per week.

At the hearing before the trial commissioner respondent testified in substance that he was working eight hours per day, five days a week, at an hourly rate of $1.40; that since the operation he did not remember losing any time from work because of his back; that he made an attempt to work overtime after the operation but was physically unable to do so; and that the only reason he was able to work eight full hours each day was because the last hour only required cleaning up and sweeping the floor.

Doctor Raymond H. Trott, an orthopedic specialist, who made an impartial examination of respondent on September 1, 1956, testified in substance that in his opinion respondent had a very good result from his disc operation; that he could do his work as a dresser tender 52 hours a week; and that, although he would be pretty tired, he was physically able to put in overtime if he wanted to. In his report, which is in evidence, Dr. Trott stated: "As this patient has been doing his regular work, he has no disability as far as it is concerned."

On the basis of this evidence the full commission sustained the trial commissioner's finding that respondent's partial incapacity for work had ended and that he no longer was incapacitated by reason of the injuries described in the supplemental preliminary agreement.

If the respondent's contention that there is no legal evidence to support the finding in question is correct, the decree appealed from is erroneous as a matter of law. On the other hand if there is any legal evidence to support such finding, in the absence of fraud this court has no power under our workmen's compensation act to weigh the evidence and to determine for ourselves where the preponderance lies. *Catoia v. Eastern Concrete Products Co.*, 84 R. I. 402, 124 A.2d 864.

After a careful consideration of the record it is our opin-

ion that respondent's testimony that he had lost no time from work as a result of his back injury and the impartial examiner's evidence that respondent was physically able to do his regular work and also to perform overtime work constitute competent evidence to support the decree.

However, respondent contends that the decree is erroneous on the ground that petitioner failed to introduce any evidence that overtime work was available to respondent at the time of the hearing. He argues that he is entitled to compensation under the provisions of public laws 1956, chapter 3784, article II, sec. 11, and in support thereof he cites *Imperial Knife Co.* v. *Gonsalves,* 86 R. I. 68, 133 A.2d 721, and *Berry Hill Corp.* v. *Flynn,* 86 R. I. 224, 134 A.2d 157. We do not agree with respondent's contention on this point. Section 11 applies only to cases involving employees who are partially incapacitated for work and therefore does not apply in the instant case, since there has been a finding on competent evidence that respondent is no longer incapacitated for work. The *Gonsalves* and *Berry Hill Corp.* cases involved employees who had been found to be partially incapacitated for work, and they are therefore distinguishable from the case at bar.

We agree with respondent that the burden of proof in the instant action is on the employer, since this is the employer's petition to review. *Wareham* v. *United States Rubber Co.,* 73 R. I. 207, 213. However, in his fifth reason of appeal respondent contends that certain language in the decision of the trial commissioner indicates that he applied an erroneous rule of law whereby he shifted the burden of proof on the respondent. This specific reason of appeal was also presented in the appeal to the full commission and was considered by them. They found that "the trial commissioner did not err in any rulings of law made during the course of the hearing, or in his decision." This finding was incorporated in the final decree now under consideration. After a careful examination of the entire record we are con-

vinced that there is no merit in the respondent's interpretation of the commissioner's language. We are therefore of the opinion that the commission applied the correct rule of law with respect to the burden of proof.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Worrell & Hodge, Eldridge H. Henning, Jr.,* for petitioner.

*William R. Goldberg,* for respondent.