JOHN NUNES *vs.* DAVOL RUBBER COMPANY.

APRIL 16, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

272

CONDON, C. J. This is an employee's petition for review of a decree of the workmen's compensation commission based on the ground that his incapacity to earn full wages had returned since he signed a so-called settlement receipt and resumed his regular work. The single commissioner before whom the petition was heard found that petitioner "is not now incapacitated from earning wages equal to or greater than his average weekly wage at the time of his injury," and therefore he denied and dismissed the petition. From a decree of the full commission affirming that decree the petitioner has appealed to this court.

He contends that the single commissioner erred in holding that it was necessary for a disabled employee to show a loss of earning capacity resulting from his disability. In other words while he concedes that *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309, and cases following it so hold, such holding is no longer the law since the enactment of public laws 1956, chapter 3784, and the opinion of this court in *Imperial Knife Co.* v. *Gonsalves*, 86 R. I. 68, 133 A.2d 721. See also *Thornlimb* v. *D. F. Farrell & Sons, Inc.*, 85 R. I. 157, 128 A.2d 333.

There is no merit in that contention. Indeed in the

*Thornlimb* case we expressly stated, after citing the *Weber* case: "It has been the consistent position of this court that regular compensation is paid only for incapacity resulting in loss of earnings." And we have just recently reaffirmed that position in *Gray* v. *Kagan,* 87 R. I. 264. As for the *Imperial Knife Co.* case it is clear that the employee, who was the respondent therein, was not involved in a situation that was analogous to that of the employee in the instant case who is the petitioner. Unlike the employee in *Imperial Knife Co.,* who was found to be partially incapacitated and without an opportunity to earn wages, the petitioner here was earning wages equal to or greater than those he was earning before he received his injury. In such circumstances the holding in the *Imperial Knife Co.* case is of no help to him. Therefore the construction therein made of chapter 3784 has no application to the facts here.

In the instant case it is undisputed that petitioner has some residuals of the lumbosacral strain which he sustained in respondent's employment on October 14, 1954, but it is also undisputed that for a considerable period since that date he has earned wages equal to or greater than his average weekly wage at the time of his injury. The only fact in controversy is whether his employment with respondent and also with another employer thereafter was terminated in each instance because of lack of work or because of his physical disability. The petitioner testified it was for the latter reason, but there was positive testimony from other witnesses that it was due to lack of work. On this point the trial commissioner found in favor of the respondent and such finding has been affirmed by the full commission. Since the statute makes such findings by the commission final we cannot disturb their decision. P. L. 1954, chap. 3297, art. III, sec. 4. *Brown & Sharpe Mfg. Co.* v. *Lavoie,* 83 R. I. 335; *Fiore* v. *Wanskuck Co.,* 83 R. I. 344.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded

to the workmen's compensation commission for further proceedings.

*John Quattrocchi, Jr.,* for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan,* for respondent.