MADELINE T. BEAUDRY *vs.* UNITED STATES RUBBER COMPANY.

JULY 18, 1958.

PRESENT: Condon, C.J., Roberts, Andrews, Paolino and Powers, JJ.

Powers, J. This is an employee's petition for review of a decree of the workmen's compensation commission under which she was receiving partial disability compensation. In her petition she seeks compensation for total disability. The cause is before us on her appeal from a decree entered by a majority of the commission affirming the decree of the trial commissioner and denying her petition.

The pertinent facts in the case are not in dispute. On or about February 10, 1957 while in the employ of respondent the petitioner sustained a compensable injury, a shoulder-arm syndrome, aggravating a pre-existing condition, namely, an irritation of the brachial plexus of which the

employer had notice. On June 12, 1957 the trial commissioner entered a decree awarding total disability compensation from the date of the injury to April 29, 1957 and partial disability thereafter.

On August 13, 1957 the employee filed a petition for review claiming compensation for total disability pursuant to general laws 1956, §28-33-18, the provisions of which are as follows:

> "While the incapacity for work resulting from the injury is partial the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings, or salary, before the injury and the weekly wages, earnings or salary which he earns thereafter, but not more than twenty-two dollars ($22.00) a week; provided, however, if, after his injury, the employee is unable to obtain any work to determine his earning capacity or to prove the amount of his loss of earning capacity with reasonable definiteness, then the workmen's compensation commission shall have the power in the interest of justice to fix the dollar value of the weekly earning capacity which said employee has, which dollar value shall be reasonable, having due regard to the evidence and all other pertinent factors presented at the hearing. In such latter case the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings or salary before the injury and said estimated dollar value of weekly earning capacity, but said employee shall not receive as partial disability compensation more than twenty-two dollars ($22.00) per week; *provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity.*" (italics ours)

The relevant provision is the second proviso.

The petition for review was heard on October 18, 1957. The only evidence offered consisted of the decree of June 12, 1957 and the testimony of petitioner.

She testified that she was still under the care of Dr. Stephen Fortunato, described the heat treatments she was receiving and stated that although these resulted in short periods of relief there were many things she was still unable to do. She further testified that she made a number of efforts to obtain work she was able to perform, listing fourteen places visited as well as having registered with the unemployment office. It is undisputed that all of these efforts were unsuccessful. At each place visited she was told either that they were not hiring, or that they would send for her if needed, or that she was too old. She also testified that she had received no offer of employment from respondent, although at the time of the original hearing she offered to return to work if it had any which she was able to perform, and that no response was ever received by her.

The respondent offered no testimony and rested its case on cross-examination of petitioner. The petitioner contends that the clear language of the second proviso in G. L. 1956, §28-33-18, italicized above entitles her to an award of compensation for total disability and that the commission misconceived the law in holding that it was incumbent upon her to prove that there was a causal connection between her disability and the failure to find work.

In support of the commission's decree, counsel for respondent cites a number of the decisions of this court to that effect, but disregards the statutory language relating to compensation for partial incapacity on which those decisions were based. Relying on *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309, he calls our attention to the language of the court at page 315 where it is stated: "The petitioner seems to overlook the fact that Section 11 of

Article II of Chapter 831 is only intended to furnish compensation for loss of earning capacity. Without such loss there is no provision for compensation in the section, although even permanent physical injury may have been suffered, and the burden is upon a petitioner to show this loss and, with reasonable definiteness, its amount."

The respondent fails to grasp the significance of the words "Without such loss there is no provision for compensation in the section, although even permanent physical injury may have been suffered." This case was decided in 1915, at which time the provisions of public laws 1912, chap. 831, article II, sec. 11, were controlling. This section provided:

"While the incapacity for work resulting from the injury is partial, the employer shall pay the injured employee a weekly compensation equal to one-half the difference between his average weekly wages, earnings, or salary, before the injury and the average weekly wages, earnings or salary which he is able to earn thereafter, but not more than ten dollars a week; and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury."

Clearly, without the qualifying language of the amendment on which petitioner relies, proof of a causal connection between the incapacity and failure to find work would be an essential element of her petition, but the legislature has softened the requirements of the statute on which *Weber* v. *American Silk Spinning Co.* was based.

In *Davis* v. *Monowatt Electric Corp.*, 78 R. I. 284, cited extensively by respondent in its brief, this court held at page 290: "* * * there is some legal evidence by way of reasonable inferences to support the trial justice's finding to the effect that petitioner had not established that her inability to obtain work was caused by her physical disability or partial incapacity and that her earning capacity had decreased." The case is clearly distinguishable on its facts from the case at bar.

There the petitioner had been receiving total disability compensation which was terminated on an employer's petition for review by reason of the determination that she was no longer disabled. The petitioner did not appeal and in fact refused to accept employment for the reason that she wished to continue her studies at Pembroke College. Several years later, during which time she received no medical attention for her injury, she brought a petition for decreased earning capacity by reason of partial disability. The only evidence offered was that she was unable to obtain employment, without showing that any incapacity resulting from her injury contributed in any way to her unsuccessful attempts to obtain work. Regardless of the provisions of the workmen's compensation act, proof that she could not obtain employment would not ipso facto establish decreased earning capacity without showing a causal connection between the injury and her inability to obtain work.

In the case at bar petitioner had been adjudged partially disabled in a decree from which no appeal had been filed by the employer and she supplemented the decree with testimony that she was still under the doctor's care. In addition to *Weber* v. *American Silk Spinning Co.* and *Davis* v. *Monowatt Electric Corp., supra,* respondent cited a number of decisions rendered by this court, but all were prior to the enactment of the second proviso of the 1956 amendment. They must be read in the light of the statutory provisions on which they were based and they are of no help to respondent in the instant case.

The respondent and petitioner both cite *Imperial Knife Co.* v. *Gonsalves,* 86 R. I. 68, 133 A.2d 721, and *Berry Hill Corp.* v. *Flynn,* 86 R. I. 224, 134 A.2d 157, decided by this court since the passage of the 1956 amendment. The respondent, stressing that both cases resulted from an employer's petition for review to determine the extent of incapacity, urges that they are of no assistance to petitioner

for the reason that the burden of proof is on the moving party and that the employer-petitioner in each of those cases failed to sustain said burden. It contends that the employee in the instant case failed to prove by a fair preponderance of the evidence that she was still partially incapacitated and that her failure to obtain work was causally connected with any incapacity resulting from her injury. Both contentions are without merit.

The petitioner met the burden of proving her partial incapacity by the decree of June 12, 1957 which had so adjudged her, and as proof of her status until otherwise altered she supplemented such adjudication by her own undisputed testimony that she was still under the care of her doctor and unable to perform much of the work of which she had been capable prior to her injury. For reasons previously discussed there is no burden on a partially incapacitated employee, who makes a bona fide but unsuccessful effort to obtain work which he is capable of doing, to prove such causal connection under the terms of the second proviso of G. L. 1956, §28-33-18.

In *Imperial Knife Co.* v. *Gonsalves, supra,* at page 724, this court stated: "From the language of the amendment we are of the opinion that the legislature intended, in a realistic and practical fashion, to benefit a certain class of injured employees by treating them as totally incapacitated under certain conditions expressly stated in the last proviso of art. II, sec. 11, as amended by chap. 3784."

Speaking of *Imperial Knife Co.* v. *Gonsalves, supra,* this court said in *Berry Hill Corp.* v. *Flynn, supra,* at page 159: "In our judgment, chap. 3784 applies as of the date of its approval, May 3, 1956. After that date, whenever a totally disabled employee is held to be only partially incapacitated and he cannot find suitable work which he is able to perform, and his employer does not offer him such suitable work or is unable to present evidence that such work is

available elsewhere, he becomes by express mandate of the statute entitled to total compensation."

We cannot agree with respondent's contention that the interpretation given to the second proviso of the amendment by petitioner would result in job insurance rather than compensation for loss of earnings resulting from a compensable injury. The statute is remedial and the 1956 amendment on which petitioner relies is clearly designed to provide the applicable maximum compensation for a compensable injury to a partially incapacitated employee who conscientiously attempts to obtain employment and is unable to do so. On such view the statute is consistent with the principle of sound, social legislation and the encouragement of initiative. This provision rewards employee initiative and benefits the employer in that a successful attempt to obtain suitable employment could result in reducing or conceivably eliminating partial compensation.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for entry of a new decree in accordance with this opinion.

*Michaelson & Stanzler, Milton Stanzler,* for petitioner.

*Ambrose W. Carroll,* for respondent.