PHILOMENA D'IORIO *vs.* UNITED STATES RUBBER COMPANY.

FEBRUARY 26, 1959.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

PAOLINO, J. This is an employee's petition to review her decreased earning capacity. The case is here on the petitioner's appeal from a final decree of the workmen's compensation commission denying and dismissing her petition. By agreement of counsel this appeal was heard before us together with the appeals in a related case between these parties. Since the opinion filed this day in the earlier case, Equity No. 2692, contains an extensive recitation of the factual background, we shall discuss here only those facts

which are pertinent to the issues raised in the instant appeal. These issues relate solely to the question whether the petitioner is entitled to benefits under the second proviso of general laws 1956, §28-33-18.

On January 27, 1958 the final decree of the full commission was entered in Equity No. 2692, which was the employee's original petition for workmen's compensation and medical expenses. From such decree both parties appealed to this court. See *D'Iorio* v. *United States Rubber Co.*, 88 R. I. 360, 148 A.2d 678. On February 11, 1958, while those appeals were pending, petitioner filed the instant petition to review. She alleged therein that her earning capacity had decreased; that since on or about August 1, 1957 she had sought light work which she could do; and that she had not been offered any light work by her employer. She therefore claimed that she was entitled to compensation for total incapacity under §28-33-18.

At the hearing she testified in substance that since September 20, 1957 she had gone to approximately twenty-six places seeking work she could perform and had been told at most of these that because of her injury they could not hire her. No medical testimony was presented by either party nor have we found any evidence in the record that her physical condition or earning capacity had changed since the date of the entry of the final decree on January 27, 1958 in Equity No. 2692.

Thereafter, on petitioner's appeal from an adverse decree of the trial commissioner, the full commission entered a decree affirming the findings of fact and the orders made by him. Those findings were in substance that the employee had made a bona fide attempt without success to obtain suitable work which she was able to perform and that respondent had not offered such work to her. There is nothing in the record to show that respondent presented any evidence that said work was available elsewhere. However, the commission held that since it had already, by the

final decree of January 27, 1958 in Equity No. 2692, determined petitioner's earning capacity to be not less than $60 per week, and since no evidence had been presented that there had been any change in her condition since the entry of said final decree, petitioner still had an earning capacity of not less than $60 per week. The commission therefore concluded that the second proviso of §28-33-18 did not apply and respondent was ordered to continue to pay compensation of $9.12 per week in accordance with the terms of such decree.

The petitioner's contention that the decree is against the law and the evidence is based upon her claim that, in view of the commission's findings that she had made a bona fide attempt without success to obtain suitable employment and that respondent had not offered her such employment, she is entitled to compensation for total incapacity pursuant to the provisions of the second proviso of §28-33-18. That proviso reads as follows: "* * * provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity."

On the other hand respondent contends that since there was no evidence of any change in petitioner's earning capacity after the entry of the final decree of January 27, 1958 in Equity No. 2692, the subject matter of the instant petition for review is res judicata by virtue of said decree. The respondent further contends that the commission had fully exercised its jurisdiction under the first proviso of §28-33-18, and therefore petitioner could not invoke the provisions of the second proviso.

The first proviso of §28-33-18 reads as follows: "* * *

provided, however, if, after his injury, the employee is unable to obtain any work to determine his earning capacity or to prove the amount of his loss of earning capacity with reasonable definiteness, then the workmen's compensation commission shall have the power in the interest of justice to fix the dollar value of the weekly earning capacity which said employee has, which dollar value shall be reasonable, having due regard to the evidence and all other pertinent factors presented at the hearing. In such latter case the employer shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages, earnings or salary before the injury and said estimated dollar value of weekly earning capacity, but said employee shall not receive as partial disability compensation more than twenty-two dollars ($22.00) per week * * *."

It is well established under our workmen's compensation act that compensation is provided for loss of earning capacity due to injury, not for the physical injury itself. *Thornlimb* v. *D. F. Farrell & Sons, Inc.*, 85 R. I. 157, 128 A.2d 333; *Laptew* v. *Moore Fabrics, Inc.*, 84 R. I. 280; *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309. On the question of the amount of compensation to which injured employees are entitled under the act, not much difficulty arises in the case of totally incapacitated employees. The same is true of partially incapacitated employees who, after a disabling injury, obtain work they can do and at which they can earn wages. However, in situations where the employee is partially incapacitated after an injury and is unable to obtain work he can perform, the legislature was confronted with the problem of finding a method of ascertaining with reasonable definiteness the extent of the loss of earning capacity.

It is clear to us that it adopted both of these provisos for the purpose of providing a means of determining the amount of compensation to be awarded to partially incapaci-

tated employees who fail to obtain employment after sustaining a compensable injury. The question here is whether a finding of partial incapacity and a fixing of the extent thereof by the full commission under the first proviso bars the employee from claiming the benefit of the second proviso where it is found that there has been no change in the restricted earning capacity previously determined under the first proviso. In other words, did the legislature intend that action by the full commission under the first proviso was to be a bar to further action under the second proviso in circumstances such as are present in the instant case?

The first proviso was adopted in its present form in 1954 by the enactment of public laws 1954, chapter 3297. It provided for maximum partial disability compensation of $22 per week. However, in 1956 the section dealing with weekly compensation for partial incapacity was further amended by P. L. 1956, chap. 3784, which enacted the second proviso in its present form. In clear and unambiguous language the second proviso, as it now stands, provides that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable employment which he is able to perform and the employer is unable to offer the employee such suitable work, or is unable to present evidence that such work is available elsewhere, then the employee shall receive as weekly compensation the amount payable for total incapacity. There is nothing in the language of the second proviso which excepts or disqualifies from its benefits partially incapacitated employees whose earning capacity has been determined by a prior decree under the authority of the first proviso.

In our opinion the second proviso needs no construction and it therefore should be applied as it is written. We are without authority to put language in the act which is not there. It is well established that where the language of the statute is free from ambiguity and expresses a definite and sensible meaning, that meaning is conclusively presumed

to be the one which the legislature intended. In such cases there is no room for construction of the statute. *Korjian* v. *Boghigian,* 60 R. I. 73; *Moretti* v. *Division of Intoxicating Beverages,* 62 R. I. 281; *Goldman* v. *Forcier,* 68 R. I. 291; *Allen* v. *Rhode Island State Bd. of Veterinarians,* 72 R. I. 372; *Carlson* v. *McLyman,* 77 R. I. 177; *Weimar* v. *Newman,* 78 R. I. 221. "When a statute is clear and certain in its meaning rules of construction should have no application and courts are not permitted to search for its meaning beyond the statute itself." *Hathaway* v. *Hathaway,* 52 R. I. 39, 41.

It is clear that the two provisos, although part of the same section, are designed to provide for two different factual situations in the case of partially incapacitated employees who have failed to obtain employment after an injury. There is nothing in either proviso which gives the commission arbitrary power to choose one or the other of such provisos. On the contrary the question of whether the first or second proviso applies depends upon which proviso the facts in each case fit and the commission must exercise its authority accordingly.

In our opinion, however, the decree of January 27, 1958 in Equity No. 2692 is res judicata of the issue of earning capacity as of that date, since the issue of decreased earning capacity was litigated in that case on the basis of the record then before the commission. But it does not follow that the decree of January 27, 1958 is res judicata of the issue of earning capacity after that date. Under the provisions of G. L. 1956, §28-35-45, petitioner has properly raised the issue of whether she is entitled to benefits under the second proviso of §28-33-18. That issue has not been adjudicated by the decree of January 27, 1958. See *Di Vona* v. *Haverhill Shoe Novelty Co.,* 85 R. I. 122, 127 A.2d 503, 505, 506.

In our judgment there is legal evidence to support the findings of the commission that the petitioner made a bona

376

fide attempt without success to obtain suitable employment and that the respondent did not offer her such employment. In the absence of evidence by the respondent that such suitable employment was available elsewhere, it is our opinion that she has sustained the burden of proving that she is entitled to compensation for total incapacity after January 27, 1958. Although the facts in *Imperial Knife Co.* v. *Gonsalves,* 86 R. I. 68, 133 A.2d 721, and *Berry Hill Corp.* v. *Flynn,* 86 R. I. 224, 134 A.2d 157, differ from those in the instant case, we are of the opinion that the doctrine set forth in those cases is applicable to the case at bar. See also *Beaudry* v. *United States Rubber Co.,* 88 R. I. 162, 143 A.2d 301.

The petitioner's appeal is sustained, the decree appealed from is reversed, and on March 2, 1959 the parties may present for our approval a form of decree, in accordance with this opinion, for entry by the workmen's compensation commission and for further proceedings.