*Edwards & Angell, James K. Edwards*, for respondent.

UNITED STATES RUBBER COMPANY *vs.* LILLIAN DYMEK.

JANUARY 22, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

262

CONDON, C. J. This is an employer's petition for review of an original decree in a workmen's compensation case. The petition is based on the ground that the respondent, who had been found to be partially disabled, is now restored to full earning capacity. After a hearing the workmen's compensation commission entered a decree containing a finding that the employee was still partially disabled and that she was entitled to weekly compensation of not more than $7.22. From the entry of such decree both parties have prosecuted their appeals to this court.

The facts are these. On September 8, 1952 respondent received a back injury while in petitioner's employ and was found to be totally disabled from February 4, 1953 to Au-

gust 1, 1954 and partially disabled thereafter. At the time of the injury her average weekly wages were $66.75. After August 1, 1954 she worked for another employer at lighter work for less wages. As a result the petitioner was ordered to pay her partial disability compensation. On January 19, 1955 petitioner re-employed her, not at her regular job but at lighter work suitable to her reduced physical capacity. She continued in such employment until March 9, 1956 when she was laid off for lack of work.

During that period of approximately fourteen months she earned weekly wages in the majority of instances varying in amount from $45 to $63. However, just before her final layoff there were about twelve weeks when she earned wages in excess of the average weekly wages she was earning at the time of her injury. But she did not at any time during such period resume her regular job. Nevertheless after she was finally laid off on March 9, 1956 for lack of work, petitioner claimed that she was no longer disabled, and in accordance with its understanding of the procedure to be followed in such circumstances, as indicated in *Frenier* v. *United Wire & Supply Corp.*, 83 R. I. 472, it brought the instant petition to suspend compensation.

At the time of the filing of the petition and up to the first hearing thereon before the trial commissioner respondent was not working. She testified at the hearing that she expected to go to work the following day in a jewelry shop but she could not say what her wages would be. The petitioner failed to produce any evidence that respondent was no longer partially disabled, but it did introduce wage transcripts for the period from January 23, 1955 to March 11, 1956 to prove that she had a substantial weekly wage earning capacity in some instances equal to or greater than her average weekly earnings before her injury.

The commission did not accept such evidence as tending to prove that respondent was no longer partially disabled, but considered it as a means of determining the amount of

compensation to be awarded her for partial disability. From such evidence they determined that she had a present earning capacity of $54.71 a week and ordered petitioner to pay her 60 per cent of the difference between $66.75, her average weekly wages at the time of her injury, and the weekly wages which she may *hereafter earn,* but not more than $7.22 per week.

The petitioner contends that the decree is erroneous in both respects, first, because the evidence shows respondent has an earning capacity equal to or greater than her former earning capacity and therefore is not entitled to partial disability compensation within the meaning of the workmen's compensation act; and secondly, if she is so entitled the commission erred in finding a present earning capacity of only $54.71, since the undisputed evidence of the wage transcripts shows a fair weekly average of at least $57.31. Hence it argues that at the most respondent's compensation should not be more than $5.66 a week.

Under her reasons of appeal respondent contends that the commission erred in relying on such evidence at all, and that having found she was still partially disabled they should have awarded her at least maximum partial compensation or, in the alternative, should have afforded her an opportunity to find work and thus furnish a basis for fixing the precise amount of compensation. She further argues that they adopted an illegal formula and had no authority to place a ceiling on the amount of partial disability compensation.

We shall consider petitioner's contentions first. Both contentions are, in our opinion, clearly lacking in merit. The fact that respondent earned on occasion as much, or in some instances more, on the light work than she earned on her regular job at the time she was injured does not prove that she is no longer partially disabled. *Rau Fastener Co.* v. *Carr,* 74 R. I. 284. In that case the employer was pressing a contention analogous to that of petitioner here and this

court unequivocally rejected it in the following language at page 287: "It is true that the petitioner, by making an exception in his [respondent's] case, was paying him at the hourly rate of a machinist while he was employed at the lighter work of a toolmaker, yet such action was not necessarily inconsistent with his claim that he continued to be partially incapacitated to pursue his regular occupation to the same extent as before the injury."

Nor does the fact that respondent here was laid off for lack of work which prevented petitioner from continuing her in its employ prove that she is not entitled to partial disability compensation. *Shoren* v. *United States Rubber Co.*, 87 R. I. 319, 140 A.2d 768. In that case the injured worker found work elsewhere at a lighter job suitable to her physical condition but at less wages. We held that she was entitled to partial disability compensation notwithstanding that she was laid off solely for lack of work.

In the case at bar the commission pointed out in their decision that respondent was working only on light work suitable to her reduced physical ability. Therefore it is clear that they did not err in holding that she was still partially disabled. Whether or not they used the correct formula in determining that she was entitled to partial disability compensation is quite another question. We shall discuss respondent's contention in that regard at the same time we are considering petitioner's contention that they erred in fixing the amount of such compensation.

Before proceeding to such discussion it may be well to point out that respondent's status as a partially disabled employee entitled to partial disability compensation was fixed by the original decree, and petitioner, who by its petition for review was seeking to disturb the status quo, had the burden of proof. The respondent was under no obligation to prove anything unless and until petitioner had made out a prima facie case that her right to continued partial disability compensation under the decree should cease or be

suspended. *Glencairn Mfg. Co.* v. *Grayko,* 87 R. I. 248, 139 A.2d 865; *Moss Construction Co.* v. *Boiani,* 84 R. I. 486; *Leonardo* v. *Uncas Mfg. Co.,* 77 R. I. 245; *Walsh-Kaiser Co.* v. *D'Ambra,* 73 R. I. 37.

From our examination of the transcript we are of the opinion that there was no evidence upon which the commission could base a finding that respondent was restored to full earning capacity. We are also of the opinion that while they may not have adopted the correct formula in determining the amount of partial disability compensation, their findings nevertheless are in substantial compliance with the act. We do not agree with respondent's contention that they should have awarded her total disability compensation in accordance with *Imperial Knife Co.* v. *Gonsalves,* 86 R. I. 68, 133 A.2d 721. In the circumstances of record before the trial commissioner to which the full commission are confined on appeal, *United States Rubber Co.* v. *Dymek,* 87 R. I. 310, 140 A.2d 507, she did not bring herself within the purview of the second proviso of general laws 1956, §28-33-18, which we held was applicable in the *Imperial Knife Co.* case.

At the hearing before the trial commissioner in the case at bar respondent was not working and earning any wages. She was admittedly partially incapacitated for her regular work but she did not claim she was unable to obtain work suitable to her physical condition. On the contrary she testified she had a job to go to the next day but did not know what wages she would earn. In such circumstances her case is governed by the first proviso of §28-33-18 and not by the second proviso thereof which was applied in *Imperial Knife Co.* v. *Gonsalves, supra.* Since respondent, although she had obtained work, was unable to prove the amount of her loss of earning capacity with reasonable definiteness it rested with the commission to fix the dollar value thereof. In doing so they were given wide latitude but with

"due regard to the evidence and all other pertinent factors presented at the hearing."

 We are of the opinion that, in the absence of any evidence of what respondent might earn on the prospective job, the evidence of what she had been earning recently on a light job with petitioner was a pertinent factor within the meaning of the language of the act, but it was not absolutely controlling as petitioner seems to argue and the commission seem to have assumed. We are also of the opinion that the commission were warranted in taking such evidence into consideration in computing what would be a reasonable amount of compensation but they were not bound by the precise figures. Therefore they did not err in finding that petitioner should "pay to the respondent weekly compensation equal to 60% of the difference between $66.75 and the weekly wages, earnings or salary which she earns hereafter," but they did err in placing a permanent ceiling thereon of $7.22. Until respondent shows what her weekly earnings are on the prospective job, but only to that extent, we are of the opinion that such amount is a reasonably substantial compliance with the intent of the first proviso of G. L. 1956, §28-33-18.

The petitioner's appeal is denied and dismissed. The respondent's appeal is sustained, the decree appealed from is modified as above indicated, and the cause is remanded to the workmen's compensation commission for entry of a new decree in accordance with this opinion.

*Ambrose W. Carroll,* for petitioner.

*Michaelson & Stanzler, Julius C. Michaelson,* for respondent.