BEACON MILLING COMPANY *vs.* EDWIN C. WHITFORD.

FEBRUARY 28, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

254

POWERS, J. This is an employer's petition for a review of incapacity brought under G. L. 1956, §28-35-45. It is before us on an appeal from the decree of the full commission, affirming a decree of the trial commissioner granting the employer's petition and ordering payment of compensation for partial incapacity but denying the employee's claim to total compensation as authorized in the second proviso of G. L. 1956, §28-33-18.

The relevant facts and the travel of the cause are undisputed. The employee sustained a compensable injury on April 2, 1958 and was awarded compensation for total incapacity in accordance with the terms of a preliminary agreement approved by the director of labor on April 17 of that year. Thereafter on April 24, 1959 the employer filed the instant petition for review which was heard by a single commissioner on May 29, 1959.

Upon the conclusion of the hearing the trial commissioner entered a decree on June 12, 1959 finding that the employee was no longer totally but was now partially incapacitated; that the employer had not offered suitable employment, nor evidence that suitable work was available; and that the employee had made an unsuccessful bona fide attempt to find work that he was able to do. The decree ordered that the employer continue weekly payments for total disability; that the employee continue to make a bona fide attempt to obtain suitable work; and that the "petition" be continued to July 29, 1959 for either party to present further evidence.

The parties refer to this decree as interlocutory and no appeal was taken therefrom to the full commission.

It appears that by agreement of the parties the hearing for July 29 was continued from time to time until February 3, 1960. The transcript for the hearing on that day discloses that the employer was no longer doing business in Rhode Island, had made no offer of suitable work to the employee, and offered no evidence as to where such suitable work might be obtained.

The employee was called by counsel for the employer and was questioned as to what efforts he had made to obtain light work. He was thereafter questioned by his own attorney on the same subject, as well as to his present condition and communications he may have had with the employer on the issue of the latter's ability to offer him work or assist him in obtaining work somewhere else. We do not deem it necessary to otherwise refer to his testimony.

The trial commissioner found that the employee continued to be partially incapacitated, that the employer had neither offered suitable work nor evidence as to where such work might be obtained, that the employee had not made a bona fide attempt to obtain such work elsewhere, and ordered the employer to pay to the employee maximum weekly compensation of not more than $22 for partial incapacity. These findings and orders were included by the trial commissioner in a decree entered February 12, 1960. From this decree the employee appealed to the full commission, which, after hearing thereon, entered a final decree on April 15, 1960, affirming the decree of the trial commissioner. Thereupon the employee prosecuted his appeal therefrom to this court.

The employee has assigned seven grounds of error in his reasons of appeal but they are all contained within a single issue; namely, that the commission erred in affirming the decree of the trial commissioner which, contrary to the provisions of G. L. 1956, §28-33-18, and decided cases, had

shifted the burden of proof from the petitioner-employer to the respondent-employee on the latter's right to compensation for total incapacity in accordance with the second proviso of §28-33-18. That proviso is as follows: "* * * provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity."

The employee contends in effect that, having once decreed that he had made a bona fide attempt to obtain suitable employment elsewhere and that the employer had neither offered suitable work nor evidence that such suitable work was available elsewhere, the trial commissioner erred in shifting the burden of proof from the employer to the employee by requiring the latter to continue to make bona fide attempts to obtain suitable work and continuing the employer's petition for further hearing to a time certain. In his argument he cites authority on the question of the burden of proof.

We are of the opinion, however, that apart from whatever merit may attach to the contentions made by the employee the commission erred on the issue of jurisdiction. Nowhere within the provisions of the workmen's compensation act do we find any authority for a single commissioner to continue a petition for further hearing after having entered a decree determinative of all the issues raised by the petition. Such a decree speaks for itself, and when duly entered the rights of the parties thereto are fixed unless or until the decree has been altered, modified or reversed by a decree of the full commission to which an appeal has been taken by an aggrieved party. No appeal was taken from the decree of June 12, 1959 by the terms of which the employer

was ordered to continue to pay the employee compensation for total incapacity. The provision in that decree ordering the petition continued for further hearing was made in excess of the jurisdiction conferred upon the trial commissioner.

Nor can it be said that by participating in the continued hearing the employee is estopped from complaining in whatever manner he raises the issue, since it is beyond his power to confer jurisdiction by consent. Whether the manner of his appeal in the instant cause raises the question of jurisdiction is immaterial, since it is well settled that this court may raise jurisdictional questions sua sponte.

Both parties have referred us to the case of *Imperial Knife Co.* v. *Gonsalves*, 86 R. I. 68. We held therein that an employee who is receiving compensation for total disability in accordance with the terms of a preliminary agreement is not required to seek employment elsewhere, and being adjudged partially incapacitated on an employer's petition for review of incapacity is entitled to continue to receive compensation for total disability under the second proviso of G. L. 1956, §28-33-18, pending a reasonable opportunity to obtain suitable work elsewhere.

The transcript of the original hearing of May 29, 1959 has not been certified as a part of the record and we do not know whether as a fact the employee testified as to having made bona fide attempts to obtain suitable employment elsewhere. We must assume that he did, since a finding to that effect was included in the decree of June 12, 1959. If he did, such testimony was purely gratuitous. As was held in *Imperial Knife Co.* v. *Gonsalves, supra,* the employee, having status under the outstanding preliminary agreement as being totally incapacitated, was not obligated to make an attempt to find suitable work elsewhere.

From the finding of the trial commissioner that the employee has made a bona fide attempt to obtain work, there is an inference in the instant record that such finding was

essential to his right to receive total compensation. On the authority of *Imperial Knife Co.* v. *Gonsalves, supra,* the instant employee was entitled to continue to receive compensation for total incapacity in accordance with the unappealed decree of June 12, 1959. A decree once entered to that effect and no appeal having been taken therefrom, relief was open to the employer on a petition for review filed subsequent to the entry of the decree. See *Beaudry* v. *United States Rubber Co.,* 88 R. I. 162, 143 A.2d 301.

We are of the opinion, therefore, that the hearing of February 3, 1960 and the decree entered thereafter were beyond the jurisdiction of the trial commissioner and the appeal therefrom to the full commission should have been sustained.

The respondent's appeal is sustained, the decree appealed from is reversed, and on March 8, 1961 the parties may present to this court for approval a new decree in accordance with this opinion for entry by the workmen's compensation commission.

*Higgins & Cavanagh, Joseph V. Cavanagh, Harold E. Adams, Jr.,* for petitioner.

*Weintraub & McElhiney, Samuel W. Weintraub, Edward M. Botelle,* for respondent.