CRANSTON PRINT WORKS CO. *vs.* PASCO PICANO, JR.

FEBRUARY 26, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is an employer's petition to review a preliminary agreement providing compensation for total incapacity. The trial commissioner granted the petition and ordered payment of compensation for partial incapacity but denied the employee's claim for total compensation under the second proviso in G. L. 1956, §28-33-18. The case is before this court on the employee's appeal from the decree of the workmen's compensation commission affirming the decree of the trial commissioner.

On April 6, 1960 the employee sustained a compensable back injury. On November 25, 1960 the parties entered into a preliminary agreement providing for the payment of compensation for total incapacity. On December 20, 1960

the employer filed the instant petition on the ground that the incapacity had ended or substantially diminished.

At the hearing before the trial commissioner the employee testified that he had been unable to work since the injury and that because of his condition he would be unwilling to attempt light work if it was offered. His attending physician testified that he could perform light work which did not require bending, stooping or strenuous exercise. The medical report of Dr. Julius Stoll, Jr. states that he is able to do light work. There is other medical evidence in the record, but it requires no discussion at this time.

After the hearing the commissioner rendered a decision finding that the employee's total incapacity had ended and that he was then partially incapacitated. On May 16, 1961 he entered a decree entitled, "Interlocutory Decree," containing such findings and ordering the employee to make a bona fide effort to find light work which he was able to perform. The decree also ordered the employer to continue to pay weekly benefits for total incapacity until further order and continued the case to June 14, 1961 for the taking of testimony on the employee's efforts to find light work.

At the conclusion of the hearing on June 14, 1961, at which the employee testified about his efforts to obtain suitable work, the commissioner rendered a decision finding that the employee remained partially incapacitated; that the employer had not offered suitable work nor shown that such work was available elsewhere; and that the employee had not searched for work in good faith. A decree entered June 22, 1961 reducing the weekly compensation payments to maximum partial was subsequently affirmed by the full commission on the employee's appeal therefrom.

The employee contends that the employer has not sustained the burden of proving partial incapacity and, in the alternative, even if it has, the commission erred in failing to apply the "odd lot doctrine" to the finding which it made. He also contends that the decree continuing the case for

hearing to June 14, 1961 was in excess of the commissioner's jurisdiction. Finally, he contends that the decree of the commission shifts the burden of proof from the employer, who was the moving party, to the employee, who was the respondent, on the issue of the employee's right to compensation for total incapacity under the second proviso of §28-33-18.

In our opinion the finding of partial incapacity is supported by medical evidence. Such being the case, we have no authority to weigh the evidence or to determine where the preponderance lies. In the absence of fraud, this finding is conclusive and final. *Brown & Sharpe Mfg. Co.* v. *Lavoie*, 83 R. I. 335.

The decree is based on the finding that the employee was able to perform many types of light work not requiring bending, stooping or strenuous exercise. This does not bring him within the odd lot rule. See *Olneyville Wool Combing Co.* v. *Di Donato*, 65 R. I. 154, 158, and *Moss Construction Co.* v. *Boiani*, 84 R. I. 486, 489. But his reasons of appeal raise the question whether the second proviso of §28-33-18 is applicable, and, if so, whether it has been correctly applied by the commission.

The proviso reads as follows:

"* * * provided, further, however, that where a partially incapacitated employee has made a bona fide attempt without success to obtain suitable work he is able to perform and the employer is unable to offer the employee suitable work he is able to perform or is unable to present evidence that such suitable work is available elsewhere, then said employee shall receive as weekly compensation the amount payable for total incapacity."

The clause covers only partially incapacitated employees and provides that under certain conditions therein prescribed a partially incapacitated employee is entitled to receive as weekly compensation the amount payable for total compensation. *Imperial Knife Co.* v. *Gonsalves*, 86 R. I. 68, 73.

In our opinion the second proviso becomes applicable upon the finding of partial incapacity by the trial commissioner, subject, however, to the employee's right of appeal from the decree making such finding. In the case at bar, under §28-35-33 the effect of the decree was stayed by the employee's appeal to the full commission. Having affirmed the finding of partial incapacity, the commission was warranted under the act in treating the case under the second proviso for the purpose of determining the employee's right to the benefits thereof.

We come now to the employee's contention that the decree continuing the case for further hearing was in excess of the authority granted under the act. He relies on certain language in *Moss Construction Co.* v. *Boiani, supra,* and on the decision of this court in *Beacon Milling Co.* v. *Whitford,* 92 R. I. 253, 168 A.2d 279. The *Moss Construction Co.* case is not in point and requires no further discussion. The decree in the *Beacon Milling Co.* case determined all the issues raised by the petition therein. We held in that case that in such circumstances the commissioner had no authority under the act to continue the petition.

But in the case at bar the only issue determined by the commissioner at the conclusion of the first hearing was the extent of the employee's capacity to work. The *Beacon Milling Co.* case is clearly distinguishable factually on this issue and does not, therefore, govern the instant case. Having found partial incapacity the commissioner in the case at bar proceeded to treat the case under the second proviso. He continued the case for the purpose of giving the employee an opportunity to comply with one of the conditions prescribed in the proviso. His action is consistent with the holding of this court in the *Imperial Knife Co.* case.

In that case we held that while the employee remained totally incapacitated, she was under no legal duty to attempt to obtain work. But we also held that after it had been determined that she was only partially incapacitated,

she was entitled to the benefits of the second proviso and, in the absence of proof that the employer, as the moving party, had offered her suitable work which she was able to perform or presented evidence that such work was available elsewhere, she was entitled to a reasonable opportunity to make a bona fide attempt to obtain such suitable work. In our opinion the commissioner did not act in excess of his jurisdiction.

The employee further contends that the decree ordering him to make a bona fide attempt to obtain suitable work shifted the burden of proof on this issue from the moving party to the respondent. In our opinion this contention is without merit.

Under the decision in *Imperial Knife Co.* v. *Gonsalves, supra,* an employer who seeks to avoid the payment of total compensation under the second proviso to a partially incapacitated employee has the burden of proving, as the moving party, an offer to the employee of suitable work which the employee is able to perform or must present evidence that such work is available elsewhere.

But the second proviso also places a duty upon a partially incapacitated employee who seeks the benefits therein provided. The proviso expressly states that it applies to partially incapacitated employees who have made a bona fide attempt without success to obtain suitable work they are able to perform. Upon a finding of partial incapacity an employee's right to compensation for total incapacity ends, subject, of course, to his right of appeal, unless he qualifies for total compensation under the second proviso.

It is our opinion that in such circumstances a partially incapacitated employee who desires to obtain the benefits of the second proviso has the duty thereunder to show that he has made a bona fide attempt without success to obtain suitable work. Without such a showing he is not eligible to receive and the commission is without authority to award the benefits thereunder even where the employer has failed

to offer him suitable work or to present evidence that such work is available elsewhere.

The question of good faith with regard to his efforts to obtain suitable work was a question of fact and depended almost entirely upon the weight which the trial commissioner and the full commission, on appeal, placed on his testimony. They obviously accorded it no weight on this issue. Since we do not weigh the evidence or pass on the question of credibility in workmen's compensation cases, we cannot say that the commission erred in finding that the employee had not made a bona fide effort to obtain suitable work.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Boss, Conlan, Keenan, Bulman & Rice, Donald F. Shea,* for petitioner.

*John D. Archetto,* for respondent.