FREEMAN GRAY *vs.* EDWARD KAGAN *et al. d.b.a.* KAGAN BROS.

MARCH 11, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Paolino, J. This is an employee's petition to review an amended decree of the workmen's compensation commission. The petitioner alleges decreased earning capacity and seeks the payment of certain medical bills. The case is before us on the petitioner's appeal from a decree of the full commission affirming the decree of the trial commissioner.

On May 17, 1955 petitioner injured his back while employed by respondents as a painter. On June 28, 1955 the

parties entered into a preliminary agreement which described the injury as a low back strain and provided total incapacity payments of $32 a week for the duration of total incapacity based on an average weekly wage of $62. On June 30, 1955 petitioner went to work for another employer and signed a suspension agreement.

The instant petition seeks a review of the decree entered on March 15, 1957 as amended pursuant to our opinion in *Gray* v. *Kagan*, 87 R. I. 264, 140 A.2d 269. In that case, which was one of two companion cases, the employee brought a petition to review the preliminary agreement of June 28, 1955. We denied petitioner's appeal and approved the proposed amended decree. This decree is now the subject of review in the instant proceeding.

The amended decree contained findings that petitioner had presented no evidence that there were any unpaid medical bills incurred by him for treatment of the condition described in the preliminary agreement; that although he was partially disabled as a result of the effects of his original injury, he had suffered no loss of earning capacity since the execution of the suspension agreement; and that he had an earning capacity of $70 a week.

In the instant case petitioner is seeking compensation for certain periods subsequent to March 15, 1957. He is also claiming payment for medical and X-ray bills. At the hearing before the trial commissioner he testified in substance that he did not work during stated periods because of his back condition; that, except for such periods and other times when there was no work available, even though his back bothered him, he worked continuously as a painter; that he performed light work; that while he worked or had the capacity to work during such periods, he earned or would have earned weekly, if work was available, amounts equal to or in excess of his average weekly wage of $62 per week at the time of his injury; and that during such time he had not refused any jobs with painters or contractors

because of his back condition. It also appears from petitioner's testimony that during certain periods of his unemployment he collected unemployment compensation.

The petitioner also introduced in evidence medical bills for services rendered him by certain doctors both before and after March 15, 1957. He testified that he visited the doctors because of his back condition, but he introduced no other evidence with reference to such bills.

The trial commissioner found that petitioner had a return of total incapacity as a result of his original injury for each of the two weeks ending September 27 and November 8, 1957, and accordingly awarded petitioner total incapacity payments for those weeks. He also found that except for said two weeks petitioner had and continued to have an earning capacity in excess of $62 per week, his average weekly wage at the time of the original injury. As to the medical bills, he awarded petitioner reimbursement for $16 expended for the purchase of a surgical support, but refused to order the payment of the other medical bills on the ground that insufficient evidence had been presented by petitioner to prove that the services rendered were necessary for his cure, rehabilitation or relief from the effects of the injury described in the preliminary agreement. The trial commissioner also found that petitioner was not entitled to total compensation under the second proviso in general laws 1956, §28-33-18. The decree of the commissioner based on such findings was subsequently affirmed by a decree of the full commission.

The petitioner contends that there is no evidence to support the finding that he has an earning capacity in excess of his average weekly wage at the time of the injury; that the commission erred in refusing to order payment of the medical bills; and that it erred in refusing to award him total incapacity payments under §28-33-18.

After reading the transcript we are satisfied that there is competent evidence in the record to support the finding

that petitioner's earning capacity had not diminished since the entry of the decree of March 15, 1957. Although he may still be suffering from the effects of the original injury, and notwithstanding the fact that he has been able to perform only light work as a painter, the undisputed evidence is that he worked for considerable periods of time during which he earned wages equal to or in excess of his average weekly wage at the time of his injury. Moreover the trial commissioner was justified in finding from petitioner's own testimony and the reasonable inferences therefrom that his unemployment during the periods in question was due to lack of work which he could perform and for which he would have earned wages in excess of his average wage of $62 if such work were available. We have found nothing in petitioner's testimony indicating that he was unable to work because of his physical condition. Under the statute this finding of the trial commissioner is final. *Nunes* v. *Davol Rubber Co.*, 87 R. I. 271, 140 A.2d 272.

In view of the commission's conclusive finding that petitioner had no diminished earning capacity, it follows that §28-33-18 is of no help to him. The provisions of this statute as we have construed them in *Imperial Knife Co.* v. *Gonsalves*, 86 R. I. 68, 133 A.2d 721, apply only to employees who are partially incapacitated to earn wages. The petitioner in the instant case has been found to have the capacity to earn wages equal to or in excess of his average weekly wage at the time of the injury. He is not a partially incapacitated employee within the meaning of the second proviso in §28-33-18, even though he has a partial physical disability, and therefore he is not entitled to the benefits of such proviso.

We now come to petitioner's contention that the commission erred in refusing to order payment of the medical bills which are in evidence. In the circumstances before us we are of the opinion that it is not necessary to consider the question of res judicata with reference to any of these

bills. In our judgment the introduction in evidence of such medical bills, supported only by petitioner's testimony that he visited the doctors in question because of his back condition, was not sufficient to prove that their services were rendered in order to cure, rehabilitate or relieve him from the effects of the injury described in the preliminary agreement for the payment of which respondent was liable under §28-33-5. The medical bills do not prove themselves nor do they prove that the services referred to therein were performed or necessary to be performed for the purposes set forth in §28-33-5. Moreover they do not prove by themselves that they are proper and reasonable. *Nock* v. *Lloyd*, 32 R. I. 313, 315.

The petitioner has expressly waived certain of his reasons of appeal. We have considered all the others. We are of the opinion that he has failed to sustain the burden of proving diminished earning capacity, except for each of the two weeks above mentioned for which he was awarded total compensation. *Trotta* v. *Brown & Sharpe Mfg. Co.*, 86 R. I. 247, 134 A.2d 173.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John Quattrocchi, Jr.*, for petitioner.

*Worrell & Hodge, Paul H. Hodge*, for respondents.