CHESTER MIS *vs.* WASHBURN WIRE COMPANY.

NOVEMBER 19, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is an original petition for workmen's compensation. The case is here on the petitioner's appeal from a decree of the full commission affirming a decree of the trial commissioner which denied and dismissed the petition.

The petitioner contends that the commission erred in the following respects: 1. In sustaining the trial commissioner's decision overruling petitioner's objection to Dr. Thomas J. Dolan as an expert medical witness; 2. In sustaining the admission of Dr. Dolan's testimony notwithstanding his noncompliance with G. L. 1956, §28-33-34; 3. In finding that petitioner had failed to prove an injury to his right foot referable to the pivoting and twisting of his body in the course of his employment; and 4. In finding that petitioner failed to prove that his incapacity for work from March 16, 1962 to April 1, 1962 and from April 5 to April 12, 1962 was due to an injury sustained in the course of his employment on December 18, 1961.

It appears from the evidence that on December 18, 1961 petitioner sustained an injury to his right leg. He also now

claims an injury to his foot but did not do so at the time of the accident, according to the plant physician, Dr. Dolan. He was immediately taken to the first-aid room of the plant where he was treated by such physician and thereafter sent home. Doctor Dolan saw him again on December 20 and again on December 22 when he discharged him from further treatment. The petitioner lost no time from work immediately following the accident on December 18, but on March 16, 1962 he developed a ganglion on the top of his right foot which required an operation.

The petitioner contends the ganglion grew out of the injury of December 18 and that this was proved by the testimony of Dr. Arcade Giura. He testified that he was called to attend petitioner on March 12, 1962 and upon examination found a swelling on the top of his foot just above midway, that he could not walk and was in pain, and that in his, the doctor's, opinion the ganglion was a development from a swelling which petitioner told him he had since the accident of December 18, 1961. Doctor Giura testified further that a ganglion does not arise instantly but develops over a period of time.

Doctor Dolan testified that petitioner had never complained to him about his foot on any of the occasions when he saw him after the accident. He further testified that petitioner complained of pain in his right knee and that there were multiple contusions and abrasions on the back of the knee. Unless Dr. Dolan's testimony was inadmissible there was an apparent conflict in the evidence as to whether the ganglion was caused by the injury sustained on December 18, 1961. It is clear that the commission must have concluded from the evidence before them that petitioner had suffered at such time no injury to his foot that could have developed into the ganglion which Dr. Giura found on March 16, 1962. The petitioner had the burden of proving such causal connection. *Mnych* v. *Lippitt Worsted Mills, Inc.,* 85 R. I. 288.

In reviewing the evidence we are not concerned with the comparative weight thereof since the statute makes the commission's findings of fact conclusive. *Cranston Print Works Co.* v. *Picano,* 94 R. I. 69, 177 A.2d 922. We examine the transcript for the sole purpose of determining whether there is some legal evidence to support such findings. In our opinion the commission was warranted on the testimony of Dr. Dolan to draw the inference that the ganglion did not develop from the injury which arose out of and in the course of petitioner's employment on December 18, 1961.

This brings us to the question whether Dr. Dolan was qualified as a competent medical witness. On this score we are of the opinion that petitioner's contention is clearly without merit. During the course of his testimony Dr. Dolan stated that he had been specializing in industrial medicine for twenty-eight years. The petitioner does not claim here nor did he make the claim before the commission that the doctor was not a qualified physician. His sole objection for the first time on appeal is that the doctor's qualifications were not inquired into and made a part of the record when he was first called to testify. Obviously the objection even if it were otherwise valid, which it is not, comes too late, especially where there is no claim that the doctor is not a qualified physician.

The next question is: Does Dr. Dolan stand in the position merely of an examining physician who is obligated to report the result of his examination to the employee or his attorney in accordance with the provisions of G. L. 1956, §28-33-34? We think not. It is clear that he was the attending physician who treated the petitioner for his injury of December 18, and not merely one who conducted an examination. He was the employee's physician for the purpose of treatment and the employee accepted him as such without objection although he could have called for a doctor of his own choosing if he so desired. The fact

that the medical treatment was freely provided by the employer as a service incident to the petitioner's employment and without expense to him is of no consequence and does not make Dr. Dolan in the circumstances here an examining physician within the fair intendment of the statute. There was no error in the commission's receiving his testimony in the manner it did.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson and Stanzler, Richard A. Skolnik,* for petitioner.

*Vincent J. Chisholm,* for respondent.