230 A.2d 872.

ALPHONSE H. SALEMBIER *vs.*
BLACKSTONE VALLEY ELECTRIC COMPANY.

JUNE 22, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is an original petition for benefits under the workmen's compensation act. The case is before this court on the employee's[1] appeal from a decree of the full commission affirming a decree of the trial commissioner in which he denied and dismissed the employee's petition on the ground that he had failed to establish by a fair preponderance of the credible evidence that his loss of earning capacity was work-connected.

On February 4, 1961, petitioner, while in the employ of respondent, participated in a field inspection of some of respondent's outside electric power transmission lines dur-

---

[1]The death of the petitioner has been suggested on the record and the cause has been prosecuted by his widow.

ing a severe snowstorm. The weather and walking conditions were so bad that after about five hours of arduous labor petitioner collapsed from exhaustion in the snow. He was taken to a hospital where a doctor diagnosed his condition as "exposure to cold, frostbite of the fingers, mild." He was discharged from the hospital on February 7, 1961, and returned to work on February 13, 1961. During this short period of incapacity following the incident, he received his regular wages from respondent.

At the hearing before the trial commissioner, which was held on various days in 1965, petitioner testified that the first time he returned to work after the incident, he experienced weakness in his left leg when "pressing" the clutch in his car; that thereafter the symptoms of weakness spread throughout his legs and arms; and that finally he was obliged to stop working about August 13, 1962, because of his physical condition.

After he stopped working he was treated at hospitals in Boston and Providence. Upon his discharge from the hospital on December 30, 1963, he was finally diagnosed to be afflicted with amyotrophic lateral sclerosis, hereinafter referred to as ALS.

On March 18, 1965, he filed the instant petition which, as amended, describes the nature of his injury and the parts of the body affected by the injury as "Injury to arms; aggravation or precipitation of amyotrophic lateral sclerosis; aggravation or precipitation of pre-existing injury to nervous system." He alleges therein that the injury occurred on February 4, 1961, and was caused by "Exposure to extreme cold and freezing weather."

There is no dispute about the events of February 4, 1961, nor is there any question about petitioner's incapacitating physical ailment. But on the issue of whether there was a causal connection between the two, the medical testimony is in direct conflict. The petitioner's medical expert testified that in his opinion the February 4, 1961, incident aggra-

vated petitioner's ALS condition and that the incident "* * * definitely contributed to precipitating this illness." The respondent's medical experts, on the contrary, testified that, in their opinion, petitioner's disability was unrelated to the occurrence of February 4, 1961; that his ALS condition did not exist at that time; that the work-connected incident had no relation to the disease that petitioner subsequently developed; and that his condition was not caused by or in any way affected by the February 4, 1961, incident.

After weighing the evidence, the trial commissioner, accepting the testimony of respondent's medical experts and inferentially rejecting that of petitioner's expert, found that petitioner had failed to prove by a fair preponderance of the credible evidence that his incapacitating physical ailment was in any way related to the February 4, 1961, incident. After independently reviewing the record on petitioner's appeal, the full commission entered a decision in which it agreed with the trial commissioner's findings; and thereafter a final decree was entered affirming the findings of fact and the orders contained in the trial commissioner's decree.

On this record the commission's findings of fact, absent fraud, are conclusive and under the act we cannot weigh the evidence to determine whether the preponderance is otherwise than as found by the commission. *Picozzi* v. *Nugent*, 99 R. I. 398, 208 A.2d 99. An examination of the record to determine whether there is some competent evidence to support the commission's findings reveals that the commission relied on the testimony of respondent's medical experts. Therefore its finding of fact is supported by competent evidence. *Mis* v. *Washburn Wire Co.*, 97 R. I. 11, 14, 195 A.2d 334, 336; *Barnes* v. *Kaiser Aluminum & Chem. Corp.*, 96 R. I. 469, 194 A.2d 675.

The petitioner does not dispute the rules of law set forth in the cited cases, but under point II of his brief he argues that the trial commissioner erred in admitting the testimony

of respondent's medical experts and that the commission erred in relying on such testimony. We have examined each of the reasons of appeal upon which petitioner relies and find no prejudicial error in any of the evidentiary rulings made by the trial commissioner, and therefore we hold that the commission did not err in relying on the testimony of respondent's medical experts. None of the issues raised by the reasons of appeal briefed in point II involves novel questions of law. In the circumstances, it will serve no useful purpose to discuss them in detail.

Under reasons of appeal 16 and 17, which petitioner has briefed and argued in point I of his brief, he contends that the full commission erred in finding that petitioner did not sustain a compensable injury on February 4, 1961. The specific reasons of appeal read as follows:

"16. The Decision and Decree is against the law in finding that the petitioner sustained no injury on or about February 4, 1961.

"17. The Decision and Decree is against the law in finding that the petitioner did not receive any injury on February 4, 1961."

At the outset we point out that neither the decree of the trial commissioner nor that of the full commission contains any finding that petitioner did not receive an injury on or about February 4, 1961. The decree of the trial commissioner, which was affirmed by the full commission, contains findings that petitioner failed to establish that "* * * any loss of earning capacity which he has sustained since February 13, 1961 * * *" was in any way related to the February 4, 1961 incident and that such incident "* * * either caused, aggravated or accelerated the amyotrophic lateral sclerosis which has incapacitated the petitioner for work since August 13, 1962."

It is true, as petitioner points out, that in its decision the full commission made the following statement:

"While it is true that the petitioner did undergo a certain experience arising out of and in the course of

his employment with the respondent, connected therewith and referable thereto, there is evidence to show that for the short period of incapacity following same he received his regular and full wages from the respondent. This being so, there is no loss of earning capacity as a result of the undisputed incident and it is our opinion that we have no jurisdiction to make a finding of fact as to the petitioner sustaining an injury on February 4, 1961."

The petitioner argues that the trial commissioner and the full commission erred in failing to find that petitioner sustained a compensable injury, at least insofar as the hospitalization and the disability for the frostbite and exposure were concerned. In our opinion this question is not before us at this time and a determination thereof is not necessary to the disposition of the instant appeal.

The principal question raised by this appeal is, as we have already stated, whether petitioner's ALS condition was related to the February 4, 1961 incident. The trial commissioner in his decision stated:

"* * * although this employee did undergo an exhausting and uncomfortable experience, that the effects of it were very temporary, and caused him no loss of earning capacity after February 13, 1961.
"* * * that the fact that he became afflicted with ALS, either just before, or just after, the experience was coincidental; that the ALS was not caused by the experience; and that the effects of the experience upon the course of the disease were not aggravating or accelerating."

The full commission also based its decision on its finding that petitioner's ALS condition was unrelated to the February 4, 1961, incident.

While it is true that the decree of the full commission must be construed in the light of the decision on which it is predicated, *Paolantonio* v. *Evans Plating Co.,* 101 R. I. 71, 220 A.2d 231, it is clear from a reading of the decision in its entirety that the commission was primarily concerned

with the question of causal connection between the petitioner's incapacitating illness and the February 4, 1961, incident, and, as we have already indicated, its finding that there was no such nexus is supported by competent evidence.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Vincent J. Chisholm,* for petitioner.

*Russell C. King, Joseph L. Breen,* for respondent.