298 A.2d 804.

MARIA VELOSO *vs.* LEBANON KNITTING MILLS, INC.

JANUARY 15, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is an employee's appeal from a decree of the Workmen's Compensation Commission affirming the trial commissioner's denial of an original petition wherein she sought compensation benefits for total incapacity.

Maria Veloso operated three automatic spinning machines at Lebanon's Pawtucket plant. She has sustained two separate injuries, both of which were work-related.

The first mishap occurred on August 26, 1969 when Maria lacerated the third finger of her left hand on a piece of equipment. Maria's employer agreed to pay her weekly compensation benefits for total incapacity and, as a result, she received $45 each week for a period of over a year. In September, 1970, the employer filed a petition to review and thereafter a consent decree was entered. It contained a finding that Maria's incapacity had been reduced from total to partial. She was ordered to make a bona fide effort to obtain work.[1] She reported for work at Lebanon,

---

[1]Maria's job-seeking efforts were an attempt to take advantage of the last portion of G. L. 1956 (1968 Reenactment) §28-33-18 which permits the commission to grant total incapacity benefits to the partially incapacitated worker who has demonstrated a diligent but fruitless attempt to procure work. In 1969, the General Assembly increased the Workmen's Compensation benefits due an injured employee. Today, a full

stayed there for a few minutes and left. Thereafter, her weekly benefit was reduced from $45 to $22.

On March 19, 1971, Maria filed a petition to review in which she asked that her benefits be increased to $45 because she had made a diligent but unsuccessful effort to obtain a suitable job. She was persuaded to return to Lebanon and its spinning machines. On May 3, 1971 she reported for work. She worked about two hours and departed. On June 15, 1971 a decree was entered denying Maria's petition to review.

Maria filed the instant petition on July 19, 1971 in which it is alleged that during her May 3, 1971 sojourn at Lebanon she injured her left hand. Testimony was presented before the trial commissioner at various times during September and October of 1971. Maria speaks only Portuguese. Her testimony was given through an interpreter. Her unsuccessful efforts to regain the $45 weekly benefit is due in no way to the language barrier. Rather, their roots lie in the evidentiary gaps which abound in the record.

time employee who becomes totally incapacitated is paid a weekly payment equal to 66 2/3 per cent of his average weekly wage but not more than 60 per cent of the average weekly wage paid to individuals who come within the Rhode Island Employment Security Act as that figure is annually computed in the month of May. The current payment due under this provision is $78.65. He also receives a weekly allowance which is based upon the number of his dependents. In addition to the overall increase in benefits, the Legislature deleted the proviso calling for the bona fide effort by the partially incapacitated worker. As a result, a highly paid worker who becomes partially incapacitated can receive a weekly payment that is equal to the $78.65 paid the totally incapacitated. Since Maria's injury preceded the September 1, 1969 effective date of the increased benefits, she must, if she wishes to regain the $45 weekly benefit, make a good-faith effort to obtain suitable work. *Davol Rubber Co.* v. *Lafoe,* 108 R. I. 499, 277 A.2d 128 (1971). Despite our affirmation of the commission's denial of the petition which is the subject of this appeal, Maria is still receiving her weekly partial disability payment of $22.

In considering Maria's appeal, we need set forth but two legal principles which are particularly pertinent to these proceedings. They are:

1. The employee who seeks compensation must establish the extent of the loss of his earning capacity with a reasonable degree of certainty.

2. If the commission's findings as to the extent of the loss are based on legally competent evidence, they cannot be disturbed by this court.

Maria gave two versions as to the cause of her second injury. Before the trial commissioner, she testified that a vacuum cleaner which was attached to one of her machines struck her in the back and she, in turn, struck the back of her left hand against the machine. Subsequently, her attending physician told the commission that his patient gave him a history of a spindle falling off the machine and striking the hand.

When the employee appeared at the hearings before the trial commissioner, her left hand was bandaged and appeared to be swollen and discolored. Two neurosurgeons who examined Maria at the insistence of her physician testified that from a neurological point of view they could find nothing wrong with the hand. A report by Maria's physician showed that on June 28, 1971, the discoloration on the hand was "nearly gone." He also stated that it was not normal for a hand to appear in the condition that it did some five months after it was injured. One of the neurosurgeons could find no notation on his records of any discoloration. The other specialist informed the trial commissioner that when he asked Maria to perform certain manipulations, she professed an inability to do them but at other times during the consultation when not doing a requested movement, she would move her hand freely without any apparent discomfort. This witness, at the suggestion of petitioner's counsel, made an on-the-spot examination of Maria's hand. He implied that the obvious swell-

ing and discoloration were due to the tightness of the bandage.

The commission gave Maria every benefit of the doubt. It conceded that she had injured the back of her hand during her two-hour stint at the machines. It refused, however, to believe that this injury was of such magnitude as to support her claim of total incapacity. She testified that subsequent to May 3, 1971 she went out looking for work. At one point in her testimony Maria said that even previous to that date she did not have the full use of her left hand.

Although Maria's physician testified that his patient could not do her "regular" work, he qualified his response as to her ability to do "any kind of work" by replying "[n]ot with that hand" while emphasizing that "there is nothing wrong with the right hand."

It is obvious, therefore, that there is evidence in the record which warrants the commission's belief that Maria's incapacity was no worse subsequent to May 3, 1971 than it was immediately prior to that day when it was the finger rather than the hand which kept Maria away from her machines.

The employee's appeal is denied and dismissed. The decree appealed from is affirmed and the case is remitted to the Workmen's Compensation Commission.

*Moses Kando,* for petitioner.

*Keenan, Rice, Dolan & Reardon, H. Eliot Rice,* for respondent.