391 A.2d 112.

MARY MASTRONARDI *v.* ZAYRE CORPORATION.

AUGUST 28, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Weisberger, J.   This is an appeal by an employee from a decree of the Workers' Compensation Commission[1] denying

---

[1]Formerly known as the Workmen's Compensation Commission, this judicial body was just recently relieved of that appellation by P.L. 1978, ch. 231, §1, which states:

> "Wherever in the general or public laws there appears the word 'workmen's' in relation to workmen's compensation, it shall be substituted with the word 'workers'.' "

and dismissing her petition for payment of certain medical expenses and litigation fees.

The employee, Mary Mastronardi, suffered a compensable injury in December 1971 while working for her employer, Zayre Corporation. She entered into a preliminary agreement with the employer in which the latter agreed to pay weekly compensation. Some time later the employee filed a petition to review, alleging that the employer had refused to provide or to pay for necessary medical services as mandated by §§28-33-5 and 8.

A hearing on the petition was held before a trial commissioner. The employer stipulated at the outset that it would pay compensation for certain prescriptions purchased by the employee. The employer's attorney also stated, without contradiction, that a bill for services at Rhode Island Hospital had been paid already. The only issue to be resolved at the hearing, therefore, was whether the employer should pay for medical services rendered to the employee by her orthopedic surgeon, Dr. A.A. Savastano.

Doctor Savastano's bills to the employee were never entered as full exhibits at that hearing but were only marked for identification. Doctor Savastano himself testified, however, that his bill for services to the employee totaled $325. He was question at some length as to whether he had complied with the Workers' Compensation Act by sending progress reports to the employer on the services and treatment rendered to the employee.

The trial commissioner filed a written decision in which he stated that the sole issue to be resolved was whether Dr. Savastano had sent the required reports so as to be entitled to payment for his services by the employer's insurance carrier. After reviewing the testimony and exhibits before him, the trial commissioner concluded that although the doctor had not complied strictly with the statutory requirements, he had complied sufficiently to give the employer notice of the treatment rendered to the employee and of her claim that the

expenses were compensable. He thus ordered the payment of $325 for medical services and $250 for counsel fees.

Both sides appealed to the full commission. The employee claimed error in the trial commissioner's failure to award her an expert witness fee for Dr. Savastano. The employer made three claims of error: first, that Dr. Savastano had not met the reporting requirements; second, that there was no evidence that his charges were fair and reasonable; and third, that if there was such evidence, the issue should have been referred to the medical advisory committee.

The commission rejected the employee's claim of appeal, saying that Dr. Savastano had not appeared as an expert witness. The commission sustained the employer's appeal on the single ground that the employee had failed to prove that Dr. Savastano's bill was fair and reasonable. The commission based this conclusion on the fact that the bill was never introduced in evidence as a full exhibit so that there was no evidence at all regarding the charges by Dr. Savastano. The commission thus reversed the trial commissioner and entered a new decree pursuant to its decision. From this decree the employee filed the present appeal.

The employee contends first that the commission misconceived its role in this case because there was, in fact, only one issue properly before it, whether Dr. Savastano had made reports to the employer as required by the Workers' Compensation Act. She bases this contention on the trial commissioner's statement in his decision that "the sole issue to be resolved in this matter" was the question of reports.

Our review of the record indicates that the commission was justified in taking a broader view of this petition as it did. Although the trial commissioner considered the notice question to be dispositive, the hearing before him was concerned with the larger, more general question raised by the employee's claim for compensation — whether the employer should pay for the services rendered by Dr. Savastano. The employee had the burden of proving the allegations con-

tained in her petition claiming compensation. *Roy* v. *Great Atlantic & Pacific Tea Co.*, 99 R.I. 638, 639, 210 A.2d 125, 126 (1965). The fact that the trial commisioner, after hearing the evidence, believed that the notice issue was controlling did not obviate the necessity of the employee's meeting her burden of proof and thus did not preclude the full commission from examining the record and determining whether the employee had in fact proven her entitlement to compensation.

■  The employee next argues that the commission erred in holding that, because Dr. Savastano's bill was never introduced as a full exhibit, there was insufficient evidence to support her claim. She contends that this deficiency was filled by the doctor's own testimony, that his bill totaled $325, and that the employer, by failing to object to this testimony when it was presented, waived its right to claim on appeal that the bill was not fair and reasonable. The employee's argument thus appears to be that the doctor's testimony was some evidence of reasonable medical expenses and that the commission should have at least weighed that evidence.

There are varying views among the different states as to the necessity of proving by independent evidence the reasonableness of medical charges before recovery for them can be had. These views are discussed in Annot., 12 A.L.R. 3d 1347 (1967).[2]

As that annotation indicates, a large number of jurisdictions follow the rule that medical charges or the amount paid for medical bills alone do not satisfy the requirement of showing the reasonable value of the medical services rendered. These states require independent evidence of the reasonableness of the charges before those charges may be considered in assessing damages. *Id.*, §§3[a], 6[a]. In some

---

[2]This annotation was concerned solely with the rules applied in tort actions for personal injuries, but we consider the analysis to be instructive in the present workers' compensation action.

states such supporting evidence of reasonableness is a condition precedent to the admission of evidence of charges or payments, while others say that evidence of reasonableness may be presented after evidence of the amount charged or paid is admitted. *Id.*, §§3[b], 6[b].

Other jurisdictions, notably Connecticut, take the approach that the amount charged or paid for medical services may be regarded as some evidence of the reasonableness of such expenses so as to warrant a recovery therefor, at least where there is no showing to the contrary. *Id.*, §§4, 7[b].

A third approach is taken by some courts which say that the amount actually paid for accrued medical expenses is prima facie or presumptive evidence of the reasonableness of such expenses so as to warrant recovery for them. *Id.*, §7[a].

Finally, some jurisdictions hold that in certain circumstances evidence of the amount charged or paid for medical services alone may be considered as evidence of reasonableness of such expenses so as to warrant recovery for them. Those cases allow such evidence to be used where there is some other basis for finding the charges reasonable, for example, where the nature or extent of the injury or of the medical services is shown or where the question is a matter of common knowledge. *Id.*, §§5, 8.

A review of these different rules indicates that they often overlap because of the various trial situations in which the question arises.

The few cases in Rhode Island which have considered this issue indicate that in workers' compensation cases we follow the first rule stated above, that independent evidence of the reasonableness of charges is required before recovery can be had for the costs of medical services. In *Gray v. Kagan*, 90 R.I. 398, 158 A.2d 572 (1960), and *Peloquin v. ITT General Controls, Inc.*, 104 R.I. 257, 243 A.2d 754 (1968), (the latter of which was a pro se action involving testimonial evidence by the petitioner that he had purchased some medication) we

declined to reverse the commission's denial of compensation although in both of those cases there was testimony admitted without objection with regard to the expenses of treatment.

A number of cases from other states express this same view, that independent evidence of reasonableness must support evidence of medical charges. In *Holmes* v. *Cooley*, 308 S.W. 2d 150 (Tex. Ct. App. 1957), the court held that a recovery for injuries sustained in an auto accident was excessive by $73.50, the amount of a doctor's bill for services to the plaintiff. In that case, like the one presently before us, the doctor himself testified to the amount of his bill. The court nonetheless held that the plaintiff had to prove that those medical charges were reasonable before a recovery for them could be sustained.

Similarly, the Iowa Supreme Court, considering a negligence case, said:

> "Before there can be an award for such items the evidence must show they were made necessary by the negligent act of defendant (which is not contested here) and that the amounts charged represent the reasonable fair value of the services." *Stanley* v. *State*, 197 N.W. 2d 599, 606 (Iowa 1972).

The Michigan Supreme Court, reviewing another negligence action in which a $96 hospital bill was among the items for which recovery was sought, eliminated that item from the verdict for lack of supporting evidence. The court stated that it was "almost tempted to take judicial notice of the reasonableness of the charge, but such action would do damage to the necessity of such proofs." *Izzo* v. *Weiss*, 270 Mich. 372, 377, 259 N.W. 295, 297 (1935).

Under this view, then, reasonableness of the charges was part of the employee's prima facie case and the employer's failure to object to the testimony regarding those charges did not relieve the employee of her obligation to establish that element of her case. The question here is not one of

admissibility, but of burden of proof, and while the testimony as presented was not objectionable in the nonjury context where it was offered, it had to be supported by evidence of the reasonableness of the charges in order to stand as proof of the employee's entitlement to compensation.[3] As the Iowa court stated, "[i]f an unpaid bill is no evidence of reasonableness, we cannot see how, as plaintiff claims, its admission without objection gives it greater effect." *Stanley* v. *State, supra* at 607.

Our own review of the record discloses that in fact there is no evidence to show that the contested medical expenses were reasonable as is required under the rule adopted in Rhode Island. We therefore cannot say that the commission erred in denying the employee's claim of compensation for those expenses.

The employee's other contentions relate to the commission's failure to award her litigation fees under §28-35-32 which states: "In proceedings under said chapter [35 of title 28] * * * costs shall be awarded, including counsel fees and fees for medical and other expert witnesses including interpreters, to employees who successfully prosecute petitions for compensation, petitions for medical expenses, petitions to amend preliminary agreements and all other employee petitions, except petitions for lump sum commutation * * *." Section 28-35-32, as amended by P.L. 1969, ch. 226 §1.

The employee argues that she should have been awarded counsel fees for services rendered in obtaining compensation for her prescription bills. As mentioned above, the employer stipulated early in the hearing before the trial

---

[3]In this case involving a nonjury action, there was little danger of confusion by allowing the testimony of the charges before those charges were proven reasonable. In a jury trial, however, the preferred approach would be to establish the reasonableness before presenting such testimony, as a failure to present subsequent evidence of reasonableness would be difficult to cure completely by a motion to strike after the jury had already heard the testimony.

commissioner that its insurance carrier would pay those bills. There was thus no dispute in that regard which required resolution by the commission and, in fact, no resolution was made. We do not consider this stipulation to pay certain expenses to be a successful prosecution of a petition within the reasonable intendment of the statute so as to warrant the award of counsel fees to the employee. *See Peloquin* v. *ITT General Controls, Inc., supra; Picozzi* v. *Nugent,* 99 R.I. 398, 208 A.2d 99 (1965); *see also Drake Bakeries, Inc.,* v. *Butler,* 95 R.I. 143, 185 A.2d 108 (1962).

The employee's final argument is that she should have been awarded witness fees to cover the cost of Dr. Savastano's testimony. That request was specifically denied by the commission on the ground that the doctor had not testified as an expert. We agree with the commission's conclusion.

We have said that testimony is "expert" when its subject matter is "of mechanical, scientific, professional or like nature, none of which is within the understanding of laymen of ordinary intelligence," *Morgan* v. *Washington Trust Co.,* 105 R.I. 13, 17-18, 249 A.2d 48, 51 (1969), and we have applied that same definition to proceedings before the Workers' Compensation Commission. *Parenteau* v. *Zimmerman Engineering, Inc.,* 111 R.I. 68, 77, 299 A.2d 168, 173 (1973). The record indicates that Dr. Savastano's testimony covered three general topics: first, when he had begun treating the employee, second, whether he had sent the required notices to the employer, and third, how much his bill totaled. Nothing in this testimony fits within our definition of "expert," and the commission thus did not err in refusing to award the employee witness fees for the doctor's appearance.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

*Abedon, Stanzler, Biener, Skolnik & Lipsey, Howard I. Lipsey,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer, John G. Rallis,* for respondent.