KAISER ALUMINUM & CHEMICAL CORP.

v.

John PUNIELLO.

No. 77–400–Appeal.

Supreme Court of Rhode Island.

Nov. 18, 1980.

Quinn, Cuzzone & Geremia, Bruce Q. Morin, Providence, for petitioner.

Lovett & Linder, Ltd., Raul L. Lovett, Providence, for respondent.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a decree of the Workers' Compensation Commission holding that John Puniello (the employee) was no longer incapacitated for work by reason of an injury sustained in the course of his employment. The sole issue presented by the appeal was the correctness of a finding by the commission that the physician who testified at the hearing on the petition for review was the treating physician as opposed to an examining physician as defined in G.L. 1956 (1979 Reenactment) § 28–33–34.[1] It is contended by

1. General Laws 1956 (1979 Reenactment) § 28–33–34 reads as follows:

"28–33–34. Physical examination by employer's physician–Report. –The employee shall, after an injury, at reasonable times during the continuance of his disability, if so requested by his employer, submit himself to an examination by a physician, furnished and paid for by the employer. The employee shall have the right to have a physician, provided by said employee and paid for by the employer, present at such examination. The employee shall be entitled to a full, exact, signed duplicate copy of the medical report of the examining physician, which shall be mailed by the employer or carrier to the

the employee that this physician was an examining physician selected by the employer and that his testimony should have been inadmissible since he did not mail medical reports to the employee and his attorney as required by the statute. The Full Commission held that the physician was the employee's attending physician and, therefore, was not subject to the requirements of § 28–33–34.

The facts underlying this controversy are as follows. On October 19, 1976, the employee, while employed by Kaiser Aluminum and Chemical Corporation (the employer), sustained a work–related injury. As a result of that injury, the employee and the employer entered into a preliminary agreement dated November 4, 1976. The preliminary agreement provided for compensation for partial incapacity commencing October 20, 1976, and was subsequently approved by the Director of Labor. The employer paid the employee according to the terms of this agreement.

In March of 1977, the employer filed a petition to review the preliminary agreement on the ground that the employee's incapacity for work had ended. During the hearings before the trial commissioner, the employer presented Dr. Hubert Holdsworth as a witness in support of its contention that the employee's incapacity had ended. The employee objected to this testimony on the ground that Dr. Holdsworth was the employer's examining physician. There was evidence that the employee was referred by the employer's plant nurse to Dr. Holdsworth, who saw the employee on October 19, 1976, at the Bristol Medical Center. Doctor Holdsworth prescribed a course of treatment for the employee and saw him on four additional occasions during the next several weeks at his place of employment. On the basis of this evidence, the trial commissioner found that Dr. Holdsworth was the employee's attending physician in the following terms:

employee and his attorney forthwith upon receipt of the original report by the employer or carrier. Failure to do so shall make such report or evidence of such examining physi-

"I am satisfied in this matter that Dr. Holdsworth, although on the petitioner's payroll as the company physician in the Petitioner's plant, was the respondent's attending physician and did render treatment to the respondent. I do not feel the question as to who paid for the services rendered is material and that the testimony of Dr. Holdsworth was properly admitted into evidence."

Thereafter, the Full Commission approved this finding with these comments:

"Counsel for the respondent attempted to show that Dr. Holdsworth was not the respondent's personal attending physician, but instead was the physician for the petitioner. It may be that his first examination was made on that basis. However, the respondent elected to continue treating with Dr. Holdsworth and it is our opinion as it was the opinion of the Trial Commissioner that Dr. Holdsworth was, in fact, the respondent's attending physician rendering treatment as such to the petitioner."

In reaching this conclusion, the commissioners followed a rule enunciated in *Mis v. Washburn Wire Co.*, 97 R.I. 11, 195 A.2d 334 (1963), in which this court held that an attending physician who treated the petitioning employee for his injury was not subject to the provisions of § 28–33–34 even though he was paid by the employer and had furnished medical treatment to the employee as a service incident to the employment. *Id.* at 14–15, 195 A.2d at 336–37.

It would seem reasonably clear that the determination of whether Dr. Holdsworth was an attending or treating physician as opposed to an examining physician is one of fact. It is well settled that as long as there is legally competent evidence to support findings of fact made by the Workers' Compensation Commission, such findings are conclusive upon this court. *Ignagni v. Davol, Inc.*, R.I., 401 A.2d 1276, 1277 (1979); *DeNardo v. Fairmount Found-*

cian inadmissible if objection is made by the employee to the admission of the report or evidence."

*ries Cranston, Inc.*, R.I., 399 A.2d 1229, 1232 (1979); *Mazzarella v. ITT Royal Electric Division*, R.I., 388 A.2d 4, 6 (1978); *Veloso v. Lebanon Knitting Mills, Inc.*, 111 R.I. 41, 44, 298 A.2d 804, 805 (1973); *Peloso, Inc. v. Peloso*, 103 R.I. 294, 300, 237 A.2d 320, 324 (1968). In the instant case, since it is not disputed that Dr. Holdsworth prescribed a course of treatment for the employee, that he saw the employee initially at the Bristol Medical Center, and that he examined and treated him on subsequent occasions at the employer's plant, there is ample competent legal evidence from which the commission could appropriately infer that he was the employee's treating physician. Because the commission drew an inference on a mixed question of law and fact based upon adequate evidentiary support, the commission's finding is unassailable on review. *DeNardo*, 399 A.2d at 1234.

For the foregoing reasons, the appeal is denied and dismissed, the decree of the Workers' Compensation Commission is affirmed, and the case is remanded to the Workers' Compensation Commission.