Thomas E. ALLEN

v.

HENRY EVERS, INC.

No. 79–290–Appeal.

Supreme Court of Rhode Island.

Dec. 11, 1981.

James P. Flynn, North Kingstown, for petitioner.

Chisholm & Feldman, Howard L. Feldman, Providence, for respondent.

## OPINION

KELLEHER, Justice.

This is an appeal by an employee from a decree of the appellate division of the Workers' Compensation Commission affirming a trial commissioner's denial of the employee's petition for benefits; in that petition the employee alleged a total loss of earning capacity because of job-related injuries. Hereafter we shall refer to the employee by his last name, Allen, and to his employer as Evers.

In September 1977 Allen worked at Evers's plant as a general all-around handyman who did "mostly all the odd work." When Allen appeared before the trial com-missioner, he testified that on September 6, 1977, he felt a snap in his back as he lifted a large porcelain crock full of chemicals four feet off the floor and then poured the crock's contents into a tank located on a bench. According to Allen, things then went from bad to worse as the weekdays passed by and the back pain increased. There is no question but that on Saturday, September 10, Allen was treated at the Warwick Emergency Room, that on Tuesday, September 13, he was examined by an orthopedic surgeon, and that on two subsequent occasions he underwent surgery that included the removal of at least one ruptured disk.

The decisive issue in this dispute centers on the question of whether Allen's ailments were actually work related. Although Allen now insists that the pain, hospitalization, and surgery all are the result of the lifting of the porcelain crock, most of the time during the months of September and October of 1977 he attributed his difficulties to causes other than his job. Medical records prepared by the two surgeons who treated him during the September to November 1977 period contain no reference whatsoever to any connection between the back injury and Allen's employment. In fact, the documents indicate that Allen was an individual who had a "5-year history of intermittent low-back pain." At the hearing before the trial commissioner, Allen conceded that on Monday, September 12, 1977, when he called his foreman to tell him that he could not report for work, Allen attributed his absence to pain that began on the preceding Friday as he was carrying the trash from the rear of his house to the front curb in time to make the Saturday-morning municipal pickup. One of Allen's fellow employees told the trial commissioner that in September 1977 Allen told him that he had hurt his back lifting "garbage pails" at the house.

When Allen sought temporary disability benefits in September 1977 from the State of Rhode Island, he did not indicate on his application that his injuries were work related. Allen explained that his initial reluc-

tance to blame the job for his injuries stemmed from his fear that he would be unemployed once Evers learned that he was seeking workers' compensation.

The only employee who buttressed Allen's compensation claim was a former worker who testified that sometime after Labor Day 1977 Allen had told him that he was suffering from a "sore back" that came on "shortly after he picked up some vats of acid on a sink."

Allen claims that his undisputed testimony regarding the cause of his disability, together with the support given by his former associate who referred to Allen's pickup of the vats of acid, as well as the medical reports, form the requisite evidentiary basis for his entitlement to compensation benefits. He emphasized that all the evidence presented at the compensation level was presented by him and also notes that his employer offered no evidence. Allen compares himself to the injured employee in *Valente v. Bourne Mills*, 77 R.I. 274, 75 A.2d 191 (1950), where compensation was awarded to a female employee because of the removal of her left breast that some weeks earlier had been struck by a falling bobbin. Laura Valente prevailed even though she presented no direct medical evidence that the injury that necessitated the breast removal was related to the bobbin incident. In the *Valente* case, the court ruled that a party is not to be denied the benefits of any reasonable inference that logically and naturally arises from evidence that is undisputed and unimpeached.

Allen's cause gains no support from the holding in *Valente* because here the evidence is in conflict and the question of Allen's 1977 hospitalization and surgery is in dispute. Before Allen's claim could be honored, he had to convince the factfinders, initially the trial commissioner and on review the appellate commission, that his back injury arose out of and during the course of his employment. The trial commissioner, in rejecting Allen's claim, characterized it as "an afterthought." The appellate commission, in rejecting Allen's appeal, noted that Allen's fate depended on his credibility, a question that was initially within the province of the trial commissioner, who had the opportunity to observe Allen personally as he testified.

On appeal to this court, our review is limited to the actions of the commission, and the scope of review is quite restricted. In the absence of fraud, the commissioner's factfindings are conclusive and may not be disturbed on appeal if there is any competent evidence that supports such a finding. *Kaiser Aluminum & Chemical Corp. v. Puniello*, R.I., 422 A.2d 746 (1980). Here, the commission had a choice. It could have accepted Allen's insistence concerning what really occurred during the fall of 1977, or it could have relied on the fact that he initially attributed his back problems to the necessity of getting the trash streetside for the Saturday-morning pickup. The commission adopted the trial commissioner's view that the porcelain-crock episode was an afterthought. Since the record contains ample competent evidence to support the choice made, we cannot disturb the commission's denial of Allen's claim.

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.