### Anthony MERLINO, M.D.

v.

### BEECROFT CHEVROLET COMPANY.

### Janice REINHARDT

v.

### STATE of Rhode Island/MHRH/GH.

### No. 84–314–Appeal, 84–325–Appeal.

Supreme Court of Rhode Island.

Feb. 25, 1985.

George E. Healy, Jr., Providence, Stephen M. Rappoport, Slepkow, Slepkow & Rappoport, East Providence, for plaintiff.

Michael S. Schwartz, Mandell Goodman & Schwartz, Arlene Violet, Atty. Gen., Richard B. Woolley, Sp. Asst. Atty. Gen., Providence, for defendant.

## OPINION

PER CURIAM.

These cases came before a hearing panel of this court on appeal from final decrees of the Workers' Compensation Appellate Commission (Commission) denying requests for payment for medical services to employees who had been injured in the course of their employment. Oral argument was heard February 19, 1985, pursuant to an order addressed to the parties to show cause why all issues in these cases should not be summarily decided. One issue of law is common to both cases. This issue involves the interpretation of our opinion in *Mastronardi v. Zayre Corp.*, 120 R.I. 859, 391 A.2d 112 (1978). The Commission has interpreted our holding in that case as mandating that the foundation for introduction of a physician's bill for services requires an additional witness (other than the physician

who has provided the services) in order to establish the reasonableness of the charges and the necessity for the providing of said services. We reverse.

In *Mastronardi* we held that it was part of the burden of proof of an employee to establish the reasonableness of the charges for medical treatment. It is true that in so holding we used the term "independent evidence." In using this term, we did so in the context of upholding a decision by the Commission that the mere introduction of a bill without more did not suffice to establish the element of reasonableness. We did not intend to suggest or require that "independent evidence" would necessitate the presentation of a witness other than the physician who provided the service. Such physician may provide an adequate foundation for the bill by testifying that the charges were reasonable and that the services were reasonably necessary. In the event that the opposing party questions either element, then the burden of going forward with the evidence in order to raise such issue is upon such opposing party.[1]

Consequently, the Commission erred in holding that the testimony of the treating physician in each case was inadequate as a matter of law to make a prima facie showing of reasonableness and necessity.

We note that in the case of *Reinhardt v. State of Rhode Island/MHRH/GH*, an additional issue was raised concerning the challenge of the bill for services of a chiropractor as to reasonableness and necessity by an orthopedic specialist presented by the state. We do not address the correctness of the Commission's factual finding relating to the credibility of the employer's expert vis-a-vis the credibility of the employee's chiropractor. We remand that case only so that the Commission may make its determination in the light of a correct interpretation of the requirement of *Mastronardi.*

In the case of *Merlino v. Beecroft Chevrolet Company,* an additional issue was raised at oral argument relating to the prospectivity or retroactivity of G.L.1956 (1979 Reenactment) § 28–33–7 which provides for the establishment of a fee schedule for non-institutional medical charges. Since the Commission did not reach this issue, we shall decline to address it at this time. Undoubtedly, the Commission will consider the issue upon remand.

For the reasons stated, the appeals of Anthony Merlino and Janice Reinhardt are sustained. The final decrees of the Appellate Commission in both cases are vacated, and the papers in said cases are remanded to the Appellate Commission for further proceedings consistent with this opinion.

BEVILACQUA, C.J., and SHEA, J., did not participate.

---

1. The ultimate burden of proving reasonableness of charges and necessity of services remains of course upon the employee. *See Mastronardi v. Zayre Corp.,* 120 R.I. 859, 865–66, 391 A.2d 112, 116 (1978).