Joseph R. DONAHUE

v.

WASHBURN WIRE CO.

No. 82–286–Appeal.

Supreme Court of Rhode Island.

May 10, 1985.

Raul L. Lovett, Lovett Morgera Schefrin & Gallogly, Ltd., Providence, for petitioner.

Howard L. Feldman, Chishold & Feldman, Providence, for respondent.

OPINION

BEVILACQUA, Chief Justice.

This is an employee's appeal from the denial by the Workers' Compensation Commission of his petition for disfigurement benefits arising under G.L.1956 (1979 Reenactment) § 28–33–19(n)(2).[1] The record reveals that on June 18, 1975, Donahue suf-

---

1. General Laws 1956 (1979 Reenactment) § 28–33–19 provides for additional compensation for

specific injuries, including under § 28–33–

fered severe second- and third-degree burns on his hands and right leg while handling a hot steel bar. The leg injury eventually necessitated skin-graft surgery, which was performed by Dr. Richard L. Testa on August 20 and 21, 1975. The employee was under Dr. Testa's care for this condition through November 26, 1975, whereupon the employee was discharged from the physician's care with instructions to return only as needed.[2] The employee filed this petition for disfigurement benefits on February 22, 1980.

Doctor Testa examined employee with regard to an unrelated matter on August 2, 1978, and noted that the skin graft had achieved an end result. Testifying before the trial commissioner, Dr. Testa was unable to pinpoint when an end result had been reached. He added, however, that for an injury of this type, an end result could be expected within one to two years after surgery.

On June 4, 1981, the trial commissioner entered a decree denying and dismissing employee's petition because he had failed to prove by competent medical evidence that an end result had been reached within three years prior to the filing of the petition. The commission affirmed, noting that neither Dr. Testa's nor employee's testimony established that an end result had been reached within the three years preceding the filing of this petition.

The employee raises two issues on appeal: first, whether the commission erred in excluding employee's testimony regarding the time at which the scarring reached an end result; and second, whether the commission erred in determining that employee's petition had not been filed within the statutory filing period.

## I

The commission relied upon the testimony of Dr. Testa in determining when an end result had been reached. Doctor Testa did not examine employee between November 26, 1975, and August 2, 1978. He testified that an end result clearly had not been achieved on the earlier date, but was evidenced on the later date. The employee offered contradictory testimony, stating that the scar tissue finally ceased fading during January 1979. We note that skin-graft surgery and a patient's subsequent recuperation are technical issues calling for specific medical testimony. *Mastronardi v. Zayre Corp.*, 120 R.I. 859, 867, 391 A.2d 112, 117 (1978). Accordingly, we affirm the commission's exclusion of employee's testimony. Doctor Testa's testimony is the only competent evidence on the issue of when an end result was reached.

## II

The employee asserts that his petition was timely filed and relies upon the three-year limitation period contained in G.L.1956 § 28-35-57, as amended by P.L.1978, ch. 232, § 2.[3] The commission concurred with the application of this statutory period, but held that employee failed to advance competent evidence that he had filed his petition within three years after an end result had been reached.

It is a well-established principle of workers' compensation case law that the right to benefits is determined by the statutes existing at the time of the injury.

---

19(n)(2) "[f]or permanent disfigurement about the face, head, neck, hand, arm, or leg * * *."

**2.** Although employee's skin graft sufficiently healed to warrant an end to periodic examinations by a physician, the underlying tissue coloration would continue to fade for some time. When the color and composition of the tissue stabilizes, an "end result" has been reached.

**3.** General Laws 1956 § 28-35-57, as amended by P.L.1978 ch. 232, § 2 states in pertinent part:
"Limitation of claims for compensation.— An employee's claim for compensation under chapters 29 to 38, inclusive, of this title shall be barred unless an agreement or a petition, as provided in this chapter, shall be filed within three (3) years after the occurrence or manifestation of the injury or incapacity * *."

**154**

*State v. Healy*, 122 R.I. 602, 608, 410 A.2d 432, 435 (1980). There is no evidence that the Legislature sought to give retroactive effect to the 1978 amendment of § 28–35–57 that changed a two-year limitation to a three-year limitation. Absent express retroactive intent, we will not depart from the rule of prospective statutory construction. *Twomey v. Carlton House of Providence, Inc.*, 113 R.I. 264, 267, 320 A.2d 98, 99 (1974). Thus, the controlling statute at the time of the 1975 injury contains a two-year filing limitation.

A claim for disfigurement benefits is a claim for specific compensation. The terms for filing such a claim "runs from the date when sound medical opinion determines that an end result has been reached in the treatment phase and nothing further can be done to help the employee because the then existing condition has become permanent." *Jones v. Grinnell Corp.*, 117 R.I. 44, 48, 362 A.2d 139, 141 (1976).

The employee underwent skin-graft surgery on August 21, 1975. Doctor Testa testified that an end result for this sort of injury would be reached in one to two years. Granting the employee the lengthier time estimate, an end result was reached by August 21, 1977. Applying the two-year statute of limitations under § 28–35–57, the employee's February 22, 1980 petition exceeded the statutory filing limit by a full six months.

The employee's appeal is denied and dismissed, and the decree appealed from is affirmed.